(49 South. 632.)

No. 17,350.

GARIG et al. v. TRUTH PRINTING & PUB. CO., Limited.

(May 10, 1909.)

1. REVIEW ON APPEAL.

The only question submitted to the Supreme Court for decision is who should be appointed receiver of the defendant company.

2. APPOINTMENT OF RECEIVER.

Appellants, urging that, as constituting a majority of the stockholders, they were entitled to designate the receiver, recommended a particular person for that position. The district court, in appointing the receiver, did not follow this recommendation.

3. CORPORATIONS (§ 195*) — MANAGEMENT — RIGHTS OF STOCKHOLDERS.

In a contest among stockholders of a corporation over the management of its affairs, its corporate charter is the law under which they must proceed, and the majority must control; and such control will not be interfered with by the courts, unless the majority does something it has no right to do. Dreifus v. Colonial Bank, 123 La. 61, 48 South. 649.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 195.*]

4. APPEAL AND ERROR (§ 594*) — REVIEW — TRANSCRIPT.

Judgments of the district courts are presumably correct. Appellant, seeking relief from the same, should present to the Supreme Court on appeal a transcript through which error is shown. The transcript in this case is totally defective for that purpose.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 594.*]

(Syllabus by the Court.)

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; Harney Félix Brunot, Judge.

Action by Leon Garig and others against the Truth Printing & Publishing Company, Limited. From an order appointing a receiver, defendant and certain interveners appeal. Affirmed.

Thomas Jones Cross, for appellants. Thomas Jones Kernan, for appellees.

NICHOLLS, J. Plaintiffs alleged: That they were stockholders in the defendant company. That the directors and other officers were jeopardizing the rights of stockholders by grossly mismanaging the business, and by committing acts ultra vires, and by wasting, misusing, and misapplying the property and funds of said corporation.

That the majority of the stockholders of said corporation were violating the charter rights of the minority and putting their interests in imminent danger. That said corporation was being operated at a loss, and had been operated and was still being operated without regard to the interest of stockholders.

That in order to preserve the rights of petitioners and other parties in interest it was necessary that a receiver should be appointed to take charge of the property and business of said corporation and to administer the same under the orders of the court.

In view of the premises, petitioners prayed that the said Truth Printing & Publishing Company, Limited, be required to show cause on a day to be fixed by the court why a receiver should not be appointed to take charge of and preserve and administer the assets, property, and business of said company for the benefit of all concerned, and that upon trial a receiver be appointed to take charge of and administer the assets, property, and business of the company for the benefit of all concerned, and for costs and general relief.

This petition was sworn to.

On reading the petition the defendant company was ordered to show cause why the prayer of the petition should not be granted. The defendant answered. It pleaded the general issue, and specially denied that there was any cause for the appointment of a receiver. Further answering, it averred:

That each of the plaintiffs had had full knowledge of the management of the defendant company for the two years past at least, and on simple inquiry could have become possessed of knowledge of any matter of detail connected with the management of the company, and that during that time they had

failed to protest against any act of the board of directors of defendant company or of its stockholders, and had at no time demanded, or even requested or suggested, a change of method or policy in conducting the affairs of this company.

That by their laches they were estopped from now making complaint, and by their acquiescence in the acts and well-known policy of defendant company they could not now be permitted to sustain an application for the appointment of a receiver for the company.

Respondent averred that the assets of the company were worth more than $2,000.

Respondent prayed that the demand of plaintiffs be denied and that it be hence dismissed at plaintiffs' costs.

A number of stockholders intervened in the proceedings and answered plaintiffs' petition. After pleading the general issue. they averred that they were the owners of 63 shares of the capital stock of defendant and were interested to oppose the demand of the plaintiffs. Further answering, they alleged that plaintiffs were prosecuting this suit, not for vindication of any right they might have, but to hinder and prevent defendant company from being designated as the official organ of the state of Louisiana in the contract for public printing of the state of Louisiana, which contract was a large and important one and was soon to be let by the state printing board of this state.

They further represented that there was no necessity for the appointment of a receiver of defendant company, and such appointment was not to the interest of said company or its stockholders; but, should the court hold otherwise, interveners in the alternative represented that they were the owners of nearly the entire capital stock of said company, and under the law were entitled to a receiver who would protect their interest and the interests of the company, and that Jules Roux would be acceptable to them, in the event that the

court should hold the appointment of a receiver necessary.

They prayed that they might be permitted to file their intervention, and that the same be served upon plaintiffs and defendant in this proceeding, and, after due proceedings had, that the demand of plaintiffs be denied and rejected, at their costs, and only in the alternative that the court holds that the appointment of a receiver was necessary they prayed that Jules Roux be appointed as such receiver.

They further prayed for general and equitable relief in the premises.

Plaintiffs (respondents in intervention) answered. They denied the allegations of interveners. They specially denied that they (interveners) were stockholders of the company, as alleged in their petition, or that any of them was a holder of any stock of defendant validly issued, except Ben R. Mayer, who held 2 shares thereof. They averred: That they were the holders of all of the stock validly issued, except said 2 shares, and that those holdings constituted a majority of all the stock validly issued and outstanding.

That said company was never organized according to law, and especially for the reason that only 40 shares, of the par value of $100 each of its capital stock subscribed for by the original subscribers was ever validly subscribed or issued, and that 33 of these shares were retired and canceled, as shown by the minutes of the board of directors of date March 21, 1907. That there were, therefore, only 7 shares of validly issued stock outstanding, 5 of which were held by plaintiffs (respondents), and 2 by said Ben R. Mayer, intervener. That the law required that said company should have a capital stock subscribed of at least $5,000, and that said defendant company had not now and never had had such subscribed capital stock. That a meeting of stockholders had never been called or held since its first organization. That

the books of said defendant company had been kept in such a manner as to conceal, rather than to record, the nature of its financial transactions. That said company, and those claiming to be the officers and directors thereof, admitted that it was impossible for them to make a statement of its financial condition. That said company was being operated by them at a great loss, as plaintiffs (respondents) were informed and believed, amounting in the past two years to approximately the sum of $10,000, and that if such management was permitted to continue the property and assets of said company would be dissipated and consumed, to the great and irreparable loss and injury of plaintiffs (respondents).

That plaintiffs (respondents) were informed and believed that said company and said interveners, assuming to act as its officers, directors, and stockholders, would enter into a contract with Frank B. Jones, state printer for the state of Louisiana, undertaking to furnish all stationery, printing, paper, binding, and distributing of the laws and journals and reports of the Supreme Court, and other printing, binding, and stationery used in the Legislature for the two years ending August 1, 1910, as per specifications contained in Act No. 184, p. 270, of 1908, Legislative Acts of the State of Louisiana; that said company had not the capital nor the equipment necessary for the fulfillment of said proposed contract, and its undertaking to do so would result in great loss and irreparable injury to respondent (plaintiffs).

Plaintiffs (respondents), further answering, averred that said company and said interveners, assuming to act as officers, directors, and stockholders thereof, would dispose of the property of said company, or change the status of its affairs, to the injury of plaintiffs (respondents), pending the hearing and determination of the application for the appointment of receiver filed herein. Plaintiffs (respondents), further answering, averred that an injunction was necessary for the protection of their interests in the premises.

Further answering, plaintiffs (respondents) averred that some person, who was neither a creditor, officer, director, stockholder, or assumed to be a stockholder, in said company should be appointed receiver, and that the suggestion of interveners that Jules Roux, who claimed to be a stockholder in said company and had been acting as an officer thereof, should be rejected; and plaintiffs (respondents) respectfully suggested as the proper person to be appointed receiver Thomas Downey, who was an expert accountant and in every way qualified to straighten out the tangled affairs of said company and to protect the interests of all parties concerned.

In view of the premises, they prayed that an injunction issue restraining said company and said interveners, both personally and as officers, directors, or stockholders of the said company, or assuming to act as such, from entering into said contract, and from disposing of any of the property of said company, or changing the status of its affairs pending the hearing and determination of the application for the appointment of receiver heretofore filed herein, and, after due legal proceedings, there be judgment perpetuating said injunction, and decreeing that said company was not organized as a corporation according to law, and for the appointment of a receiver to take charge of the property and business of said company; that Thomas Downey be appointed receiver of said company, as in their original petition herein, and for costs and general relief in the premises.

The petition was verified by the affidavit of the petitioners. The foregoing answer and affidavit considered, the court ordered that an injunction issue as prayed, enjoining the company and the interveners, acting either personally or as officers, directors, stockholders, or agents of said company, from enter-

ing into the contract with Frank B. Jones, state printer, described in said answer, and from disposing of the property of said company, or changing the status of its affairs upon plaintiffs' furnishing bond in the sum of $500.

After trial of the case the district court on October 19, 1908, rendered judgment placing the defendant company in the hands of Thomas Downey (an outsider) as receiver, upon his furnishing bond as ordered in the judgment. From this judgment defendant and interveners have appealed.

The district judge assigned the following reasons for his judgment:

The court ordered Downey, receiver, to take immediate possession of all the property, and to continue the business of said company, if it was found practicable to do so. It ordered that the officers, directors, agents, and employés of the company, upon demand from the receiver, should turn over to him all of the books, papers, money, deeds, and vouchers for property under their control.

The writ of injunction which had been issued, in so far as it sought to restrain the defendant corporation from contracting with the state printer to execute the contract for the printing of the state, was dissolved. In all other respects it was perpetuated, and the corporation and the interveners were perpetually enjoined from entering into a contract by which the corporation should undertake to execute the state printer's contract by doing other work than printing or to furnish supplies, etc., and from the disposal of the corporate property, or from changing the status of the affairs of the corporation.

Appellants have not argued this case, but have submitted it on brief. From that brief it would appear, in view of this litigation, it has become an impossibility for ready money to be secured to continue the publication of the Daily Truth. Matters, therefore, at this time have taken such a shape as to cause the contested issue, as to whether the defendant company should be placed in the hands of a receiver or not, to cease to be an issue, and that the only matter now before us, is as to who that receiver should be.

If the purpose of these proceedings (as the defendants charged) was to have put an end to the further operations of the company, that purpose seems to have been effectuated; for it is manifest the corporation is not in a position to longer continue its operations.

In Dreifus v. Colonial Bank, 123 La. 61, 48 South. 649, ante, p. 6, this court recently declared that:

"In a contest among stockholders of a corporation over the management of its affairs, the corporate charter is the law under which they must proceed, and the majority must control, and such control will not be interfered with by the courts, unless the majority does something it has no right to do."

Appellants come before us invoking the application of that rule to this case. The district court, after having heard evidence produced by both sides, has held it best for the interests of all parties that a person not connected with the corporation should settle its affairs under its immediate control. The judgment to that effect is presumptively correct. It was the duty of the appellants, to bring about a reversal, to have presented to us a record which would make such error appear. The transcript which has been filed is utterly insufficient for that purpose. The evidence on which the court acted has not all been brought up. Matters of the greatest importance for the solution of the rights of parties have been omitted.

We are bound to assume that, had that omitted evidence been contained in the transcript, it would have justified the action of the trial court. We have, under these circumstances, no alternative.

The judgment appealed from is affirmed.