FRUGÉ, Judge.
This action arises out of a suit instituted by John I. Bynog and his wife, Betty By-nog, for damages allegedly sustained by Betty Bynog when the automobile which she was driving was struck from the rear by a vehicle operated by Frank F. Middleton and insured by Allstate Insurance Company. After a trial on the merits, the lower court awarded plaintiff a total of $5,240.00 with legal interest from date of judicial demand plus court costs. This award was comprised of $4,500.00 in general damages, as well as $740.00 in special damages. Defendant has appealed solely as to quantum in regard to the $4,500.00 general damages award, but has not appealed the finding of actionable negligence on the part of Frank F. Middleton nor the special damages award of $740.00. We affirm.
The facts as established by the record are essentially as follows. On June 6, 1972, Mrs. Bynog was operating her 1965 Oldsmobile automobile on Church Street in the City of Natchitoches. It is sufficient for the purposes of this appeal to state that she had brought her vehicle to a halt in obedience to a semaphore-type traffic signal at the intersection of Church Street and Second Street which was indicating red *152 to traffic proceeding in the direction which she was traveling. While she was stopped, Frank Middleton drove up from the rear and in attempting to move into the left turn lane of Church Street struck the left rear of Mrs. Bynog’s car with the right front of his own car. Mr. Middleton originally approached the intersection in the same lane of traffic that the Bynog automobile occupied, but after deciding that he wished to turn left, first backed up, then proceeded in a forward direction and the accident transpired. Slight dents resulted in the rear steel bumper of the plaintiff’s vehicle, as well as in the front bumper of the defendant’s vehicle.
The defendant’s negligence not being contested on appeal, our attention is directed to the asserted abuse of discretion of the trial court in its general damages award. Defendant, by way of a concise and well-written brief, has asserted grounds upon which he has hoped to demonstrate the abuse of discretion of the trial court. Defendant has .relied upon certain testimony to illustrate the minor nature of the actual collision and the improbability of resultant injuries, which would justify the general damages awarded by the lower court and which are deemed excessive by defendant.
Defendant also relies upon statements made by Dr. Robert R. Sills, the treating physician, to the effect that he never found any muscle spasms in Mrs. Bynog’s neck or back and found no outward sign of any injury in the nature of a bruise or contusion. The doctor further admitted that his findings were based upon her complaints and responses elicited upon the manipulation of her body. Reliance is also placed upon a report by Dr. T. A. Norris, an orthopedist who examined Mrs. Bynog, which revealed that his findings were likewise predicated upon subjective complaints of the plaintiff’s. Dr. Norris also was unable to explain on an anatomical physiological basis medical reasons which would substantiate or explain certain of these complaints.
In regard to the numerous post-accident visits which were made to Dr. Sills by the plaintiff, defendant has pointed out that a number of these visits were not related to injuries allegedly sustained in the accident of June 6, 1972. Vigorous argument is also made that the need for plaintiff to wear a cervical collar and back brace for more than three months was totally unsubstantiated by medical evidence.
Lastly, the defendant has objected to the trial court’s exclusion of the notes made by Dr. Charles Cook in regard to treatments afforded plaintiff in 1970 and 1971. It is asserted by defendant that these notes reveal the plaintiff to be a chronic complainer whose complaints are neurotically inspired. The lower court correctly saw fit to exclude this testimony as irrelevant and we are in complete agreement, as Dr. Cook has never treated the plaintiff’s wife in connection with this accident.
Having found the lower court’s analysis of the factual circumstances to be complete and well supported by the record, we have excerpted several paragraphs from the written reasons for judgment and adopted them as our own findings. In regard to the injuries sustained and the medical treatment afforded, the trial court stated the following:
“This Court has held on the date of trial, February 20, 1973, that Middleton’s negligence was the proximate cause of the accident and resultant physical injuries to Betty Bynog.
“Mrs. Bynog advised the investigating officer that she felt pain in her neck. Both drivers then left the scene. Within a few minutes after Mrs. Bynog arrived home, she felt her injury was serious enough to call her husband, John, from *153 his work. She was then taken to see Dr. Robert Sills, the family physician. Dr. Sills testified that Betty stated her car had been struck from the rear; that her head hit the windshield and her chest hit the steering wheel.
“Dr. Sills diagnosed Mrs. Bynog’s injuries as mild to low moderate back and neck sprain; bruised and soreness of the chest and that Mrs. Bynog suffered from a moderate overlay of anxiety. Dr. Sills found her injuries and condition compatible with a rear-end collision.
“On June 9, 1972, Dr. Sills admitted Mrs. Bynog to the Natchitoches Parish Hospital. She remained there through June 15, or 6 days. Her treatment consisted of pelvic traction, hot pads and conservative medication. On her release, Dr. Sills prescribed a Thomas Type Cervical Collar for Mrs. Bynog to wear. Mrs. Bynog continued to complain and on June 19, 1972, an appointment was made by Dr. Sills for Mrs. Bynog to see Dr. T. A. Norris, an orthopedic surgeon, in Shreveport. Dr. Norris’ report was made on June 22, 1972, and he found ‘she has muscular and ligamentous strain of the posterior cervical region and posterior shoulder girdle region, as well as muscle and ligament strain to a moderate degree on the lower back.’ Dr. Norris saw no evidence of any degree of permanent disability.
“The doctors who observed and have treated Mrs. Bynog find her to be of a highly sensitive nature with a low tolerance of pain. Such being her state, the defendants have to accept it.”
From our review of the record, we have made the following findings of fact which we feel to be supported by a preponderance of the evidence, though not by evidence of a completely overwhelming nature. Subsequent to this accident and prior to hospitalization, Mrs. Bynog was given a medcosom-ulator treatment, muscle relaxants, pain-relieving medication, and Empirin. During her hospitalization of six days, she was rendered treatment in the form of pelvic traction, medco treatments, whirlpool baths, pain medication, and injections of Sparene and Demerol. Upon discharge from the hospital, she was fitted with a Thomas-type cervical collar, as well as a Williams-type back brace. Subsequent to discharge, Mrs. Bynog was prescribed medication in the form of Phenofin, which is similar to Empirin, and Valium, a central nervous system relaxant and muscle relaxant. Treatment was also afforded the plaintiff as late as September 13, 1972, by Dr. Sill in regard to accident-related injuries.
In regard to the need for- wearing the prescribed brace, Dr. Sill testified that the wearing time required was subject to the specific conditions of each patient. He also added that some patients get by with two or three months of wear, but that it was not very unusual for the healing process to consume more than a period of 12 weeks. Testimony by witnesses for plaintiff supported plaintiff’s assertion that the cervical collar was worn from three to four months and the back brace was worn for a period of six months. Testimony for the plaintiff further revealed that at the time of the trial, plaintiff could only do light housework and was not able to lift or bend. As a result of this condition, she was unable to attend to her children and her housework to the same extent that she had prior to this accident.
After a review of the complete record, we are of the opinion that the defendant was correct in his assertion of the minimal nature of the collision. The defendant’s assertion as to the lack of objective findings by both doctors is also fully substantiated by the record. It is also true that the testimony in favor of the plaintiff’s cause was developed from parties who could be classified as having an interest in this particular action.
*154 Other evidence presented, however, has influenced our conclusion to a greater extent. We give much weight to the treating physician’s statement that the injuries were compatible with the type of accident in which she was involved and that hospitalization was necessary. Also, both physicians were in full agreement that the plaintiff did suffer true injuries. Neither doctor had cause to label the plaintiff as a malingerer. As to the evaluation of the credibility of plaintiff and plaintiff’s witnesses, we feel that the lower court was in the best position to observe their demeanor and veracity.
We, therefore, have followed the “established rule that the findings of fact of the trial court, particularly those involving the credibility of witnesses testifying before him are entitled to great weight on appeal, and his conclusions as to those facts will not be disturbed unless found to be manifestly erroneous.” Elliott v. Wallace, 251 So.2d 831, 832 (La.App. 3rd Cir. 1971). A review of the record has not revealed such manifest error to exist on the part of the trial court.
From the findings of fact determined by the trial court and from our own evaluation of the record, we are of the opinion that the general damages award in favor of the plaintiff was, perhaps, a little high. However, we do not find that in relation to awards for similar injuries in other cases that the award in the instant case is so excessive as to constitute an abuse of the trial court’s large discretion. Laird v. Travelers Insurance Company, 251 So.2d 73 (La.App. 3rd Cir. 1971), and Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967).
For the above and foregoing reasons, we affirm the judgment of the lower court. Appellant is to pay all costs of this appeal.
Affirmed.