308 So.2d 898 (1974)
William REGGANS, Plaintiff-Appellee,
v.
The AETNA CASUALTY & SURETY COMPANY et al., Defendants-Appellants.
No. 12436.
Court of Appeal of Louisiana, Second Circuit.
November 7, 1974.
On Rehearing February 25, 1975.
Writs Refused April 11, 1975.
*899 Lunn, Irion, Switzer, Johnson & Salley by Richard H. Switzer, Shreveport, for John A. Harris and Aetna Casualty & Surety Co.
James E. Franklin, Jr., Shreveport, for Hensley Allen.
Donald R. Miller, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and DENNIS, JJ.
PRICE, Judge.
This appeal arises out of a two car collision and involves primarily a determination of whether the evidence is sufficient to support a jury verdict awarding damages to a guest passenger in a left turning automobile against the driver and insurer of an overtaking vehicle.
Plaintiff, William Reggans, was riding in a Pontiac sedan being driven by Hensley Allen easterly on Buncombe Road at about 6:30 p. m. on October 7, 1972. Reggans, who resides on the south side of the road, had been picked up by Allen approximately one-half mile from his home. As Allen attempted to turn left into a private drive at the Reggans residence his automobile was struck on the left side by a 1972 Cadillac driven by John A. Harris.
Reggans sued Harris and his liability insurer, Aetna Casualty & Surety Company, claiming damages for personal injuries, medical expenses and loss of wages he contends were caused by the accident. Allen *900 and his insurer were made alternate defendants in amended pleadings. However, plaintiff dismissed his action against these defendants with prejudice prior to trial on the merits.
Reggans alleges Harris caused the accident through his negligence in driving at an excessive speed, not maintaining a proper lookout and failing to timely stop or brake his vehicle when he knew, or should have foreseen, an accident was about to occur.
In their answer to Reggans' petition, defendants, Harris and Aetna, deny any negligence on the part of Harris and assert a third party demand against Allen, alleging he was solely at fault in causing the accident by making a sudden left turn from the shoulder of the road directly into the path of the Harris automobile. In the event defendants are cast in judgment to the guest passenger, they ask to be awarded the same amount against Allen.
In response to defendants' third party demand Allen filed a pleading styled third party petition against Harris, Aetna and the two occupants of the Harris automobile.
The demands of the various parties against each other were tried before a jury who returned a verdict in favor of Reggans against Harris and Aetna for the sum of $44,104. These defendants have perfected a suspensive appeal from the formal judgment signed in accordance with this verdict. The jury further granted Allen judgment on his third party demand and rejected the third party demands of defendants against Allen. A motion for a new trial was granted on these two verdicts which removes them from our review on this appeal.
On this appeal appellants, Harris and Aetna primarily contend the jury verdict is clearly contrary to the law and evidence on the issue of liability and should be considered as manifestly erroneous and reversed. Secondly, in the event the verdict is affirmed on the question of liability, appellants contend the amount awarded is excessive and should be reduced.

LIABILITY
The drivers and occupants of the vehicles involved give contradictory versions of the cause of the accident. Allen, the driver of the car in which plaintiff was riding, contends he was proceeding slowly in the eastbound lane preparing to make a left turn into the Reggans driveway. He testified he gave the proper signal, and, although he saw the Harris car approaching from his rear, he thought it was far enough back for him to turn safely. He further contends he was completely in the driveway when struck by the other car. Reggans, who was seated on the left of the rear seat, testified substantially in accord with Allen except that he did not see the Harris car until just prior to impact. Allen's wife, who was seated in the right front seat, also corroborated Allen's version. These parties believed a woman was driving the Cadillac at the time of the collision.
To the contrary, Harris and his two guest passengers, Mrs. Luverse Jackson and Mrs. Coral Milton, all testified that when they first saw the Pontiac automobile it was stopped or parked on the south shoulder of the road. Harris contends he decelerated from his speed of approximately 55 miles per hour and pulled to the center of the road. He testified that just prior to his pulling abreast of the vehicle it made a sudden ninety degree turn to the left into his path, and although he applied his brakes he was unable to avoid the collision. Mrs. Jackson and Mrs. Milton gave substantially similar testimony.
The evidence shows Harris and his companions were school teachers who left Shreveport at 3:00 a. m. on this date and drove to Prairie View College, located some 40 miles southwest of Houston, Texas, to attend courses of study. They left *901 the college around 2:00 p. m. on the return trip and were in Caddo Parish shortly after six. Approximately 45 minutes was spent on stops for lunch and gasoline. The testimony shows the distance traveled on the return trip to be 290 miles.
The state trooper who investigated the accident, Charles W. Abbott, Jr., testified he arrived on the scene about 50 minutes after the occurrence.
Each set of witnesses told him at the scene substantially what they testified to on trial of this cause. He found debris in the north portion of the westbound lane, indicating to him this was the point of impact. He testified that in his examination of physical evidence at the scene tiremarks were found on the south shoulder leading across the road to the point of the collision. He further testified he observed skidmarks beginning in the center of the road and curving into the left lane for a distance of about 70 feet prior to impact.
Conceding Allen was guilty of negligence which was a contributing cause of the accident as the trial judge concluded in his reasons for granting a new trial, Reggans, as a guest passenger, may recover from Harris and his insurer if Harris was guilty of some negligence which was a legal cause of the accident.
The conflicting testimony in the record projects two hypotheses as to the cause of the accident: (1) That Allen made a sudden right angle turn from the south shoulder of the road directly into the path of the Harris automobile which offered no opportunity for Harris to take any effective evasive action to avoid the accident. Under these circumstances there could be no negligence attributable to Harris. (2) That the Allen vehicle made a normal left turn into the private drive from the highway. Should this have occurred, it would be possible to find concurring negligence on the part of Harris by concluding that he was either traveling at an excessive speed or not maintaining a proper lookout under the circumstances confronting him.
By rendering a verdict in favor of Reggans the jury apparently accepted the second hypothesis as the most believable under the evidence presented. The trial judge rejected appellant's motion for a new trial as he was of the opinion there was sufficient evidence introduced to sustain the jury's verdict.
Although we might not have reached the same conclusion had we been called on to make the original determination of these factual issues, there is evidence in the record which, if believed, would support the jury verdict.
The prevailing jurisprudence emanating from the Supreme Court admonishes us to refrain from substituting our opinion for that of the trial judge or jury unless there is no evidence in the record which "* * * furnishes a reasonable factual basis for the trial court's finding * * *". Canter v. Koehling Company, 283 So.2d 716, 724 (La. 1973).
We therefore feel constrained to affirm the finding of liability as against the defendants, Harris and Aetna.

QUANTUM
The medical testimony in the record shows the plaintiff to have suffered a fracture of five of his left ribs and a fracture of the transverse process of the second through fourth lumbar vertebra. He also had a contusion of his left lung. After being given emergency treatment at Schumpert Hospital he was taken to the Veterans Administration Hospital in Shreveport, where he remained from October 8th through October 24th. For the first three days of his hospitalization a tube was inserted into his abdomen to check for any internal bleeding. In addition he was subjected to the use of a catheter *902 to facilitate a proper emptying of urine from the bladder.
The treating physician estimated his ribs should have healed completely within three to four months and should not have caused any disability thereafter. The type of fracture sustained to the lumbar vertebra is described as involving only a spur attached to the vertebra rather than the functional vertebra area and is of such a minor nature it causes no disability after a few days following the injury.
The lung contusion was treated by prescription of antibiotics to prevent infection and cleared by the time plaintiff was released from the hospital.
Plaintiff was fifty-five years old at the time of the accident. He was a disabled veteran of World War II who had undergone the amputation of his right leg at the knee joint.
Plaintiff contends he suffered more pain in his recovery from the rib fracture than a normal person due to his use of crutches. This is corroborated by the medical testimony. He also contends he engaged part time in hauling pulpwood and earned between $16 and $24 a day when he worked. He testified he can no longer do this work, and claims a loss of earnings of $2,000. No corroborating evidence whatsoever was presented to substantiate his employment or the amount of wages he had earned.
As an element of damages plaintiff contends he can no longer pursue his principal sport of squirrel hunting as he cannot walk as easily as before the accident. This has caused him to reduce his quota of squirrels taken from the usual 42 per season to approximately nine, according to his testimony.
The jury awarded plaintiff a total sum of $44,104. We are of the opinion this amount is excessive and reduce the award to $15,000 for general damages, plus the sum of $1,141 for special damages proven.
In taking this action we are not unmindful of the provisions of La. C.C. art. 1934(3) and the jurisprudence directing the appellate court to limit its review of awards for damages by trial judges and juries to a determination of whether an abuse has occurred of the much discretion accorded in fixing the amount of damages. We are also aware that each personal injury must be evaluated according to its own peculiar facts and circumstances. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967).
We have reviewed the cases cited by plaintiff and have consulted other similar cases we have found analogous in making our determination the jury abused its discretion in this instance. See Laird v. Travelers Insurance Co., 251 So.2d 73 (La.App.3rd Cir. 1971); modified on other grounds, 263 La. 199, 267 So.2d 714 (1972).
The special damages proven by plaintiff amount to the sum of $1,140, inclusive of the value of the services rendered to plaintiff at the Veterans Hospital for which he seeks recovery on behalf of the United States Government under the provisions of 42 U.S.C. §§ 2651-2653.
For the foregoing reasons the judgment appealed from is amended to reduce the amount awarded to the sum of $16,141, and as amended is affirmed.
Costs of this appeal are to be paid equally by appellant and appellee.

ON REHEARING
Before AYRES, BOLIN, PRICE, HALL and DENNIS, JJ.
BOLIN, Judge.
Upon the applications of plaintiff-appellee and defendants-appellants, a rehearing was granted in order that the court sitting *903 en banc might consider the correctness of our original opinion as to both the question of liability and the quantum of the award.

LIABILITY
After carefully reviewing the record we adhere to our original finding that there is ample evidence in the record to support a finding by the jury that defendant Harris was guilty of negligence in driving his automobile at an excessive rate of speed and was not maintaining a proper lookout; further, that this negligence was a proximate cause of the accident resulting in personal injuries to plaintiff.
We further find the jury was justified in finding that the driver of the car in which plaintiff was a passenger did not suddenly turn his automobile to the left, as contended by appellants, but that the maneuver was gradually made. Under these circumstances, and in view of the fact that the accident occurred in an area where numerous residences were located, Harris was charged with the duty of driving more slowly and of making a more careful observation of traffic conditions.

QUANTUM
The role of the appellate courts in reviewing the amount of awards in tort cases is most perplexing. While on one hand we are confronted with the constitutional mandate to review both the law and the facts, on the other we are faced with Louisiana Civil Code Article 1934(3) admonishing us that "much discretion must be left to the judge or jury" in assessing damages in tort cases.
Beginning with Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) and continuing to the present time, our Supreme Court has enunciated certain rules and guidelines to be observed by appellate courts in reviewing awards made by juries or trial judges. In essence these cases hold that it is the duty of the appellate courts to review both the law and the facts but on the question of quantum the decision of the jury or the trial judge should not be disturbed unless there is a finding the lower court abused "the much discretion" vested in it.
In the recent case of Spillers v. Montgomery Ward & Company, 294 So.2d 803 (La.1974), in which the Supreme Court granted writs to review a ruling of this court, it was stated:
"Since the jury does have, under the law, much discretion in fixing damages, a more appropriate method of testing whether the jury had abused its discretion is to determine whether the award of the jury can be supported under the evidence."
Perhaps our courts should define the "much discretion" as used in Civil Code Article 1934(3). Certainly the redactors did not intend to grant unlimited authority to a trial judge or jury to make an award without any reasonable basis in the record to support it.
We have carefully studied the entire record in the instant case, paying particular attention to the medical testimony, and can find no reasonable basis to support an award of $44,104 to plaintiff for his personal injuries. Undoubtedly, in arriving at such a high award the jury and the trial judge intended to grant plaintiff a liberal amount for his pain and suffering. Taking this into consideration, we think it our duty in reducing the award to fix it at the upper level of what we consider the record will support. Under these circumstances we conclude our original award of $16,141 is appropriate.
For the reasons assigned our original decree, amending the judgment of the lower court so as to reduce the amount awarded plaintiff from $44,104 to $16,141, is reinstated.