368 So.2d 1104 (1979)
UNITED PENTECOSTAL CHURCH OF HODGE, Louisiana, Plaintiff-Appellee,
v.
INTERSTATE SURPLUS UNDERWRITERS, UNDERWRITERS AT LLOYD, Defendant-Appellant.
No. 13780.
Court of Appeal of Louisiana, Second Circuit.
February 20, 1979.
Rehearing Denied March 28, 1979.[*]
*1105 Monte J. Ducote, New Orleans, for defendant-appellant.
Baker, Culpepper & Brunson by J. Michael McDonald, Jonesboro, for plaintiff-appellee.
Before PRICE, HALL and MARVIN, JJ.
En Banc. Rehearing Denied March 28, 1979.[*]
MARVIN, Judge.
In an earlier expropriation suit (State, Dept. of Highways v. United Pent. Ch. of Hodge, 313 So.2d 886 (La.App. 2d Cir. 1975)) this court, besides making other reductions to amend and affirm the judgment, reduced the severance damages awarded by 74 percent from $77,150.50 to $20,000. Severance damages were awarded because the widening of the highway would bring traffic closer to the church and would cause an increase of traffic noise. This would affect the special use of the property as a church where worship services are held.
Before the highway was widened, a videotape was taken by the church's sound expert in an attempt to show the sights and sounds which would result after the widening of the highway. The tape was introduced into evidence, but was negligently lost by the clerk of the district court and was not included in the record reviewed by this court on appeal. CCP Arts. 251, 253, 2127, 2128.
Contending that the loss of the tape caused the reduction in the severance award, the church then brought this suit for damages against the liability insurer of the clerk of the district court. The lower court said:
"As this case was first perceived . . it appeared that it would be necessary for [the church] to establish . . . that the loss of the evidence was responsible for the loss of the litigation [reduction in severance damages] in the Court of Appeal. Counsel in briefs have focused on this concept. After much deliberation, it appears that such an approach would in *1106 effect require that this Court now rule upon the previous validity of [the original lower court award] or on the validity of the views of the Second Circuit Court of Appeal. Lest there be any confusion, it is necessary to make clear that this Court is of the view that it cannot and should not attempt to consider the merits of the previous litigation.

* * * * * *
"As this Court perceives the matter, the loss of the tape caused the loss of a legal right. That legal right was to have an appeal heard on all evidence presented. . . in the previous litigation . . .
"It is this Court's view that a deprivation of a legal right which is protected by the constitution of the United States and the constitution of the State of Louisiana is a serious wrong even in those instances in which the loss is not truly susceptible of evaluation in pecuniary terms. Such losses are provided for in the Louisiana Civil Code under the terms of Article 1934."
The lower court awarded the church $15,000 damages and defendant appeals. The church contends on appeal that the lower court's analysis was eminently correct and adopts that court's analysis and reasons as its argument here, urging that the judgment awarding damages should be affirmed.
Even should we accept the premise that a litigant has the legal right to have the appellate court hear all of the evidence which was presented to the trial court, we must disagree with our brother below and we reverse the judgment awarding damages in tort.
The church emphasizes that it lost the opportunity of having this court hear and see the videotape and that no one can assess the weight the videotape might have had on this court had it not been missing. During the time the appeal was heard and was being considered, this court was aware that the videotape was missing from the record, even though this fact was not discussed in this court's opinion. This court was also aware that judgments of the trial court are presumed to be correct and that items of evidence or transcripts missing from the record (whether through negligence or mere oversight) are presumed to support the judgment of the trial court. See Borie v. Lester & Co., 5 La.App. 536 (Orl.App.1927); Garig v. Truth Printing & Pub. Co., 123 La. 895, 49 So. 632 (1909).
Recognizing that an increase in noise is compensable as an item of severance damage to property in certain categories of special use, this court said:
"In arriving at the proper award for severance damages, this court takes into consideration the fact that defendant's church was located on an undesirable lot adjacent to a much-traveled highway before these expropriation proceedings were instituted. The widening of the highway into a four-lane thoroughfare will merely render the church property more undesirable than it was prior to the expropriation." 313 So.2d at 893.
This court had earlier noted the conclusions of the sound expert for the church who taped the traffic and its noise. This court mentioned that
". . . all estimates of severance damage by [the church's] witnesses were partially based on the false premise that the highway department would hard surface the entire right-of-way . . . for automobile traffic. The plat of survey attached to plaintiff's petition reflects that only a part of the expropriated property will be utilized for widening the hard-surfaced or travel portion of the highway. According to defendant's surveyor, the church building is presently located 61.9 feet from the pavement at the closest point and will be 47.4 feet from the paved portion if the construction is performed in accordance with the highway department's plans and specifications. This witness gave the measurement from the outer edge of the expropriated property to the nearest portion of the church as 23.35 feet." (Emphasis supplied) 313 So.2d at 892.
*1107 This court was also aware that the trial judge in the expropriation suit visited the site of the taking and had first-hand knowledge of the situation. Nonetheless, in the exercise of its appellate authority, this court reduced the award of severance damages as we have done in other cases before and since, even in those situations where a trial judge has personally sensed conditions which we have not.[1]
The earlier opinion clearly shows that this court considered that the State had borne its burden of showing that the severance award made by the lower court was excessive. The tape and the testimony of the expert witnesses of the church were based on what we said was the false premise as to where the paved portion of the highway would be after the construction. The record in the expropriation suit is detailed as to decibel readings of traffic noise taken at various distances by the sound expert, some of which were taken in the presence of the trial judge, and is detailed as to the traffic count in front of the church at various times. These readings were taken on weekdays.
When asked whether he could project what the sound increase inside the church would be after the widening of the highway was completed in accordance with the highway contract specification, the sound expert said, "it would be strictly a guess . . . I would say 3 and 5 decibels . . . that would give you an estimate."
Thus we have no difficulty in now concluding in the light of this record on appeal, which contains the record of the earlier case, that the tape would not have changed one iota this court's opinion in the expropriation case. Five judges of this court denied a rehearing in the expropriation case and the Supreme Court denied writs. In this sense we conclude that the presumption afforded the church as to the weight of the missing tapei. e., that it supported the lower court's conclusions was overcome by the State in that appeal by the detailed testimony summarized there and here. Hence this court, in determining that the presumption was overcome, is here assessing as it did there assess, at least figuratively, the weight of the missing tape, however impossible the assessment may be, as contended by appellee.
We agree that the church lost the opportunity of having higher courts review and assess the tape because of the fault of defendant's insured. We agree that the church's cause of action against defendant is distinct from its cause of action against the State for "just compensation" under Art. 1 § 4, Louisiana Constitution. But the church's cause of action here is in tort under CC 2315,
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." ". . . [P]roof of damage [is] an essential part of the plaintiff's case. Nominal damages, to vindicate a technical right, cannot be recovered in a negligence action, where no actual loss has occurred . . . [T]here is [no] right to complain of [negligent conduct] . . . except in the case of some individual whose interests have suffered." Prosser, 4th Ed., at pp. 143-144.
Cited by Prosser in support of this principle is Elfer v. Hibernia Nat. Bank in New Orleans, 174 So. 287, (Orl.App.1937), which states: *1108 ". . . the fact that there is negligence does not in itself create legal liability. . . [I]t must be shown that damage has been sustained and . . . that the negligence pointed to was the cause of the said damage." 174 So. at 288.
Our Supreme Court stated the principle in Tinsley v. Seismic Explorations, Inc., 239 La. 23, 117 So.2d 897, 903 (1960):
". . . [T]he predicate for recovery under Article 2315 . . . is an act `* * * that causes damage to another, * * *' which obliges the wrongdoer to repair the damage. If there has been no actual damage, there can be no recovery." (Citations omitted)
Again in Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151, 155 (1971), our Supreme Court said:
"In Louisiana tort cases, the plaintiff must prove . . . both the negligence of the defendant and the damages caused by the latter's fault . . ."
In Louisiana Civil Law Treatise, Vol. 12, Tort Doctrine, (1977), at pp. 22, 23, Professor Stone reiterates, in his scholarly elaboration on the principle:
"The object of the law of tort as shown in article 2315 is reparation of damage caused by fault. Thus, if there be no damage, the law of tort has nothing to repair and plaintiff's claim is to be dismissed.

* * * * * *
"The burden of proving the damage is on the plaintiff. It is not presumed."
We have not been reluctant to allow or affirm an award of damages even in those cases where the damage actually sustained is difficult to determine. See Adams v. State, Dept. of Highways, 357 So.2d 1239 (La.App. 2d Cir. 1978); Turner v. Southern Excavation, Inc., 322 So.2d 326 (La.App. 2d Cir. 1975); Campbell v. Gray, 294 So.2d 841 (La.App. 2d Cir. 1974). These cases involved a defendant's invasion of a plaintiff's possessory or property right. But even in cases of this type, " . . . [A]rticle 2315 requires the proof of some damage however slight." Stone, Tort Doctrine, Louisiana Civil Law Treatise, Vol. 12, § 216, at p. 287.
Damages may be assessed in some breach of contract cases under CC 1934(3) without calculating "altogether" or solely upon the pecuniary loss or the deprivation of pecuniary gain. See Whitener v. Clark, 356 So.2d 1094 (La.App. 2d Cir. 1978). In Norman v. Radio Station KRMD, 187 So. 831, 833 (La.App. 2d Cir. 1939) we recognized that nominal damages may be awarded in breach of contract cases, even where no bad faith was shown. See also Fiesta Foods, Inc. v. Odgen, 159 So.2d 577 (La.App. 1st Cir. 1963). Likewise, in tort cases, "When it is clear that a plaintiff has sustained some damages as a result of the fault of the defendant . . . his demands will not be rejected merely because he cannot establish exactly the amount suffered." Hidalgo v. Dupuy, 122 So.2d 639, 646 (La.App. 1st Cir. 1960).
In a personal injury tort case we have said that CC 1934(3) does not ". . . grant unlimited authority to a trial judge . . . to make an award without any reasonable basis in the record to support it." Reggans v. Aetna Casualty & Surety Company, 308 So.2d 898, 903 (La.App. 2d Cir. 1974).
In C/M of Baton Rouge, Inc. v. Wood, 341 So.2d 1181 (La.App. 1st Cir. 1976), a litigant sued its former attorney for failing to appeal a judgment dismissing the litigant's suit. The court reviewed the district court proceedings, found that the judgment dismissing the suit was correct, and held that the plaintiff was not damaged by the loss of the opportunity to appeal. The court also noted plaintiff's contention that it had sustained "some inherent damage" by the loss of its right to appeal but found that plaintiff had not produced any proof of this element of damage and declined to award any damages. See also Perkins v. Brown, 236 So.2d 579, 581 (La.App. 1st Cir. 1970).
There is language in some cases such as Weinberg v. Southern Bell Telephone & Tel. Co., 174 So.2d 178, 180 (La.App. 4th Cir. 1965) to the effect:

*1109 ". . . [that where plaintiff's] rights were invaded and violated . . . this would allow him to recover some damages without calculating altogether on the pecuniary loss or the privation of pecuniary gain, and in assessing the award much discretion is vested in the court. LSA-C.C. art. 1934, par. 3. When there is no proof of actual damages, the allowance should be for a nominal amount only."
This language, however loose, must be considered in the light of the circumstances of each case where it was employed. The common thread of these cases, in our opinion, is a finding that either the neglect of or the invasion by the defendant directly caused the plaintiff to suffer some damage, for which recovery will be allowed even under 1934(3) without a showing of pecuniary loss or deprivation of pecuniary gain. This is cause in fact as contemplated by CC 2315.
Plaintiff's petition here is adequately summarized in the pre-trial order signed by plaintiff's counsel:
"Plaintiff's claim: * * * That the loss of the video tape was the direct cause of the reduction in the [severance] award by the Court of Appeal."
This is an item of specific or special damage, a pecuniary loss, the amount of which is alleged to be the exact amount by which this court reduced the award in the expropriation appeal.
We have held that plaintiff has failed to prove that the loss of the tape caused the specific damage alleged. Additionally, this plaintiff has not proved that some damage was caused in fact by the negligent loss of the tape. Fault alone does not produce recovery. It is the fault which causes some damage that produces recovery or reparation for the damage under CC 2315. When this cause in fact element is not proved, even though the negligence or fault is proved, recovery of damages is not allowed.
Judgment below is reversed and the demands of plaintiff-appellee are rejected at its cost.
NOTES
[*] BOLIN, J., recused.
[1] For instance, in the more recent expropriation cases involving property in proximity to the church on this same highway in Jonesboro-Hodge before the same district judge, we have reduced severance damage awards by these percentages:

STATE, DEPARTMENT OF HIGHWAYS v. KILPATRICK 76%
 327 So.2d 452 (La.App.2d Cir. 1976)
STATE, DEPARTMENT OF HIGHWAYS v. McDONALD 83%
 329 So.2d 898 (La.App.2d Cir. 1976)
STATE, DEPARTMENT OF HIGHWAYS v. WARNER 77%
 329 So.2d 913 (La.App.2d Cir. 1976)
STATE, DEPARTMENT OF HIGHWAYS v. SALTER 85%
 332 So.2d 308 (La.App.2d Cir. 1976)