MOISE, Justice.
 

 Plaintiff filed this suit in damages for the illegal removal of a refrigerator from his home without resorting to legal process.
 

 The defendant urges a repossession agreement executed by the plaintiff and, in the alternative, reconvened and prayed for a judgment for the balance due on the purchase price, and for the recognition of the chattel mortgage and lien on the refrigerator.
 

 The Court of Appeal, 61 So.2d 550, affirmed the district court’s judgment in the amount of $310, with interest and costs; and, on the reconventional demand, the chattel mortgage of the defendant was recognized, and it was declared to be the owner of the refrigerator involved.
 

 Plaintiff purchased an International Harvester Model Electric Refrigerator from the Pickering Refrigerator Service in Shreveport, La., on April 5, 1950, for the price of $294.24, payable — $28 cash and the balance in twenty-four installments of $12.26 each, beginning on the first day of May 1950 and on the first of each succeeding month thereafter. After making thirteen installment payments plaintiff defaulted on the installment due June 1, 1951, and on June 29, 1951, defendant’s representative removed the refrigerator from plaintiff’s home.
 

 The plaintiff testified that he is 68 years of age, and when questioned about his education, he answered:
 

 “Ain’t hardly had any. I ain’t even a third grade scholar * *
 

 This refrigerator was repossessed without resorting to judicial proceedings and in order to avoid the result of legal liability, it must be shown that the plaintiff consented to its removal, either orally or in writing. The record shows that the plaintiff was not even at home when the refrigerator was taken away, but that his wife was there. However, this circumstance does not change the legal situation, because Article No. 2404 of the LSA-Civil Code designates the husband as head of the
 
 *507
 
 community, with full authority to dispose of its effects. This Court held, in Luthy v. Philip Werlein Co., 163 La., 752, 112 So. 709, 710, that
 

 “The doctrine contended for by defendant, that, in the absence of the husband, the wife controls the property in the home, does not prevail in this state. * * *»
 

 The evidence further shows that H. L. Parker; a representative of the defendant, told plaintiff’s wife that he would have to take the refrigerator. The wife merely accepted what she thought to be the inevitable. She stated the following:
 

 “I couldn’t say nothing because Henry wasn’t there and I didn’t have the money, so wasn’t nothing for me to say. I didn’t think there was. * * * ”
 

 The defendant produced a repossession agreement. An examination of this instrument seems to indicate there is a bill of sale for the refrigerator to plaintiff for the sum of $269.72, which must have been the plaintiff’s debt to the defendant. On this subject, the following pronouncement was made by the appellate court [61 So.2d 551] :
 

 “It is apparent that this [$269.72] represented the entire balance due by plaintiff and if in reality it had been applied as provided in the instrument, the entire amount of the indebtedness would have been liquidated thereby. It would be unreasonable to the point of absurdity to consider that such a result was contemplated. And certainly there is nothing in the instrument which could be construed as a grant of the right to repossession without legal process. We admit we are confused as to its actual purpose and as to its legal interpretation, but it is upon this instrument that defendant appeared to rely for justification of its unlawful action. We find no logical reason by which such a justification might be considered.
 

 “On the back of the instrument there appears a memorandum written- in ink by defendant’s collector and agent, who obtained the signature of plaintiff on the document, which reads as follows:
 

 “ ‘Henry paid.one note of 12.26 today July 25th and signed this agreement with the promise and understanding that he will, pay two notes of 12.26 ea. Friday afternoon, bringing him one month in advance on payments. Henry has already made this money working with Mr. Miller (contractor).’
 

 “Reference to the receipts introduced in evidence on behalf of plaintiff establishes the fact that the payment of two installments referred to in the above quoted memorandum was made on July 31st.
 

 “At the time of the seizure and removal of the unit by defendant the plaintiff was twenty-nine days in arrears on the payment which was due June 1st. This was a circumstance
 
 *509
 
 which had frequently occurred over the entire period of the thirteen or fourteen months that had passed since the original purchase by plaintiff and not the slightest effort is made on behalf of defendant which would tend to establish any real reason indicating the necessity for the drastic action that was taken at this time.”
 

 The defendant urged that no damages were proved, and secondly, that the title to the refrigerator is in the plaintiff. There was proved a trespass, there was proved the removal of the refrigerator from the plaintiff’s premises without process of law. Such action was embarrassing and humiliating and brought on mental anguish. Therefore, as to these facts, it is self-evident that damage was sustained, and it is for the defendant to show justification by a proven defense, sound in law. This it has not done, and we must bear in mind that our courts are open to defendant for a remedy to redress any wrong or vindicate any right it may claim. Damages must be based on the result or the consequences of an injury flowing from the act of commission. No necessity arises for argument with respect to actual damages except as to the computation of the quantum. In the instant case, the actual damage is the value of the refrigerator at the time of its removal, 'which the trial court fixed at $160, and for all other damages sustained, it awarded $150. We find no fault with these amounts.
 

 In the case of Robinson v. Hook, La.App., 1 So.2d 336, after concluding that there was hardly any publicity given to the affair, the court allowed $200 for humiliation and embarrassment. Using that case as a precedent and authority, the allowance made here is fair, in the light of plaintiff’s failure to establish specific injuries which would justify a greater award. See, Harris v. Stem, La.App., 30 So.2d 889; LSA-R.S. 9:4563-9:4564.
 

 “As to defendant’s second contention that title to the refrigerator is still in plaintiff and as a consequence the defendant cannot owe for same”, the Court of Appeal stated “ * * * we do not consider that this has any real or pertinent bearing upon the judgment. Actual damages' in the instant case should be based either upon the value of the refrigerator or the amount actually paid upon the purchase price. Defendant’s District Credit Manager valued the refrigerator at $160 and this valuation was not controverted. The total paid by plaintiff on the purchase price amounted to the sum of $187.38. The District Judge appears to have given judgment for the lesser amount and we find no error in this respect. I't follows, since the judgment awarded plaintiff the value of the refrigerator, that the decree properly recognized defendant as owner, which was responsive to the reconventional demand.”
 

 In furtherance of the correctness of the appellate coürt’s finding, our exainination of
 
 *511
 
 the prayer of the petition is that plaintiff did not pray for the ownership of the refrigerator, and the court followed the prayer. We find no error in the judgment appealed from.
 

 For the reasons assigned, the judgment appealed from is affirmed, defendant to pay all costs.