TATE, Judge.
On the evening of December 31, 1956, a large crowd had gathered at “Leray’s Tavern” to dance, make merry, and welcome in the New Year to the music of the “LeBlanc Brothers Band”. These would-be merry-makers were disappointed in their expectations and much dispersed by the inability of this band to play for them because its public address system was removed (without the knowledge or consent of the LeBlanc Brothers) just shortly before the music was to commence by one Romero, the agent of the unpaid vendor of the LeBlanc Brothers’ sound equipment. Due to the suddenness of this action and the shortness of the time, it was impossible to secure another band to play or another public address system.
Two suits were filed for the loss of profits, public humiliation, and other damages sustained through this illegal repossession by Romero: the present by the owner of “Leray’s Tavern”, who was awarded $350 below; and a companion suit by the Le-Blanc Brothers partnership, which was likewise awarded a similar amount for certain specified damages, the decree in which is reported in LeBlanc Brothers v. Blanchard, 99 So.2d 407.
But the judgment was awarded only against Romero, who had accomplished this illegal repossession for the vendor without the consent of the purchasers and without the benefit of judicial procedure. See Grandeson v. International Harvester Credit Corp., 223 La. 504, 66 So.2d 317.
*407 The plaintiffs in these companion suits professed themselves as satisfied by these awards against Romero (who himself did not appeal and is not a party to the present proceeding before this court), but both appealed devolutively insofar as the District Court dismissed their suits against a codefendant, Sidney Blanchard, appellee herein.
The plaintiffs-appellants argue that Blanchard was a joint tortfeasor and liable in solido with Romero for the damages sustained by reason of the wrongful repossession of the band’s sound equipment, because of which the band was unable to perform its engagement that night.
The evidence reflects that the LeBlanc Brothers Band had been playing at Blanchard’s night club, a competitor of Leray’s Tavern, until a day or so before the New Year’s Eve in question. They had fallen far behind in the payments due by them upon the sound equipment which Romero subsequently repossessed. Several months before the illegal repossession in question their employer, the co-defendant Blanchard, had entered into an agreement with Romero to make himself the payments owed by the LeBlanc Brothers upon the equipment, which was needed in the performance of their engagement to play at his club, with the intention of collecting payments so made back from the LeBlanc Brothers.
When Blanchard discovered that the LeBlanc Brothers were going to play for his competitors on New Year’s Eve, he telephoned Romero to inform him that he would no longer be responsible for payment for the equipment in question.
While certain statements in the testimony -of Romero and Blanchard could indeed support a determination that Blanchard instigated and participated in Romero’s wrongful repossession of the equipment in question so as to be a joint tortfeasor, LSA-Civil Code Art. 2324, Knott v. Litton, La.App. 2 Cir., 81 So.2d 124, we are unable to say from the record as a whole that the trier of fact committed manifest error in finding that Romero’s wrongful repossession was his own sole act, to protect his own employer’s equity in the equipment (upon his incorrect assumption that he had the legal right to repossess informally without judicial proceedings) upon learning that Blanchard would no longer be responsible for further payment of the purchase price owed by the LeBlanc Brothers upon the equipment in question, in the payment of which the LeBlanc Brothers were and had been greatly delinquent.
For the above and foregoing reasons, we think that the judgment of the District Court dismissing plaintiff’s suit against Blanchard should be affirmed.
Affirmed.