243 So.2d 865 (1971)
GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, Ltd., (Defendant in Reconvention-Appellee),
v.
HUMBLE OIL & REFINING COMPANY et al., (Plaintiffs in Reconvention-Appellants).
No. 8228.
Court of Appeal of Louisiana, First Circuit.
February 1, 1971.
*867 Emile C. Rolfs, III, of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellants.
Ken Barnett of Seale, Smith, Baine & Phelps, Baton Rouge, for appellee.
Before LANDRY, SARTAIN and BLANCHE, JJ.
SARTAIN, Judge.
This cause was initially instituted by General Accident Fire and Life Assurance Corporation, Ltd. (appellee) under its subrogation rights as collision insurer of one Louis Allen to obtain the sum of $36.34, the amount paid in excess of the deductible provisions of the policy. Suit was against E. L. Oubre and his employer, Humble Oil & Refining Company (appellant).
The accident giving rise to this litigation occurred on Avenue B on land owned by Humble, when a pickup truck belonging to Humble and driven by Oubre collided with a Buick automobile owned and operated by Allen.
Humble's reconventional demand is premised on the ground that Allen was a trespasser and as such owed Humble damages for (1) the repair of its truck, (2) loss of use thereof, (3) wrongful invasion of its property rights, including exemplary damages, and (4) attorneys' fees.
The district judge found that the accident was the result of ordinary negligence on the part of Oubre but denied General's original claim because Allen, a trespasser, was owed only the duty of protection against injury willfully or wantonly inflicted.
In denying Humble's reconventional demand, the trial judge declined to hold that a trespasser is obligated to pay for damages resulting from his trespass without regard to fault. In his written reasons for judgment, he stated, "* * * the only fault found on the part of the trespasser is the fact of his entry and that alone was not the cause in fact of the owner's damages." Humble has appealed.
Our review of the record convinces us that the judgment of the trial court as to law and fact is correct and should be affirmed.
Avenue B is a private street, approximately two blocks in length. It is located in front of the Enjay Laboratory, a part of the industrial complex surrounding Humble. To reach Avenue B, it is necessary to enter and cross a parking lot which is clearly marked "Enjay Parking Only". Allen had entered the parking lot and was on Avenue B when the accident occurred. He was driving to the end of the street at the close of work to pick up his brother-in-law who was employed by a private contractor engaged by Humble on the latter's property. The accident resulted when Oubre pulled from a parked position without looking and drove into the path of Allen.
Allen conceded that he knew that the parking lot and Avenue B were private and not for general use, though he had on previous occasions used it for the same purpose. At times, Humble posted security guards to prevent other persons from using either the parking lot or the street as a short cut to a major traffic artery.
The damages sought by Humble, as stated above, fall into two categories, namely, those pertaining strictly to physical damage and those relating exclusively to trespass. We deem it necessary to distinguish these elements of damage because we do not consider that trespass in itself is a compensable tort unless there is resulting injury directly related to its commission. To recover in response to trespass, damages must be based on the result or the consequences of an injury flowing from the act of trespass. Grandeson v. International Harvester Credit Corporation, 223 La. 504, 66 So.2d 317 (1953), C.C. Art. 2315.
A trespasser is one who enters the premises without the permission of the occupier or without a legal right to do so.
*868 Alexander v. General Accident Fire and Life Assurance Corporation (1st La.App. 1958), 98 So.2d 730. Our courts have further classified a trespasser as being in good or bad faith. This additional classification, however, has its basis in the determination of the degree to which a trespasser will be held accountable for the result of his trespass.
When a trespasser has been deemed to be in good faith, he is held responsible only for the actual value of property of another converted to his own use. Menendez v. Katz Furniture Company, Inc. (Orl.La.App., 1939), 188 So. 177. On the other hand, if the trespasser is considered in legal bad faith, he is responsible not only for the basic value of the property in its original state, but any enhanced value if converted into a manufactured item, less costs for such enhancement. Shell v. Greer (2nd La.App.) 171 So.2d 669, Gallo v. Sorci (4th La.App., 1969) 221 So.2d 570.
It is pertinent to note that in the instant case, Allen was not going upon Humble's premises for the purpose of converting any of Humble's property or equipment to his own use. His entry was neither forcible or ill-intended. Under these circumstances we do not consider him a bad faith trespasser.
Now relating the above announced principles to the claims of Humble, we find that the damages to its truck were caused not by the trespass of Allen but by the negligence of Oubre, Humble's employee. Allen must of necessity be relieved of any liability for such damages because of absent of fault on his part. C.C. Art. 2315. As to the claim for loss of use of the truck, Humble has also failed to bear the burden of proof for such damages. No truck was rented as a replacement nor does the record show that its loss of use hampered Humble's operation in any way.
Now with respect to Humble's claim for invasion of property rights, including exemplary damages, we do not find that there has been sufficient showing of a deliberate, willful or forceful entry to justify an award, even nominal though it might be. Cases reviewed by us and cited by appellant deal with situations where there was a deliberate conversion of another's property with intent to deprive the rightful possessor of its use or a series of events designed to or having the effect of depriving a lawful possessor of peaceful and uninterrupted use of his property. In such situations, the trespasser has been in legal and moral bad faith and held accountable for damages. Nonetheless, such damages have been compensatory in nature and not exemplary. Exemplary damages are damages on an increased scale, over and above what would barely compensate for a proper loss, where the wrong was aggravated by circumstances of violence, oppression, malice, or fraud and are intended to solace the offended for mental anguish, shame, degradation or other aggravation of the original wrong. Loeblich v. Garnier (1st La.App., 1939) 113 So.2d 95. See also Roge v. Kuhlman (3rd La.App., 1962) 136 So.2d 819 and Campbell v. Abraham (1st La.App., 1963) 152 So.2d 309.
Lastly, Humble's claim for attorneys' fees must be denied for such an item is not allowed even in the case arising out of a wrongful trespass. Loeblich v. Garnier, supra.
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed. The cost of this appeal is to be borne by appellant.
Affirmed.