HEARD, Judge.
This is a tort action by William Washington Lewis and his wife, Viola Virginia Robinson Lewis, against Southern Pacific Company, Southern Pacific Transportation Company and Southern Pacific Transportation Company of Louisiana, Inc. After the death of Mrs. Lewis, her heirs, William Washington Lewis, Billie Frank Lewis Dick, Mary Alice Lewis Foreman, Hazel Lucille Lewis Weaver, Bessie Mae Lewis Hoard and Clara Belle Lewis Jahn were substituted as parties plaintiff!
After trial on the merits, judgment was rendered as follows: (1) in favor of Billie Frank Lewis Dick, Mary Alice Lewis Foreman, Hazel Lucille Lewis Weaver, Bessie Mae Lewis Hoard, and Clara Belle Lewis Jahn against Southern Pacific Transportation Company in the sum of $3,000; (2) in favor of William Washington Lewis, Billie Frank Lewis Dick, Mary Alice Lewis Foreman, Hazel Lucille Lewis Weaver, Bessie Mae Lewis Hoard and *239 Clara Belle Lewis Jahn against Southern Pacific Transportation Company in the sum of $8,548.33 in the proportions of one-half to William Washington Lewis, and one-fifth therein to each of the other plaintiffs with five (5%) per cent per an-num thereon from date of judicial demand until paid; (3) William Washington Lewis’ usufructuary rights were recognized over the awards made under paragraph two (2); (4) the plaintiffs’ suits against Southern Pacific Company and Southern Pacific Transportation Company of Louisiana, Inc. were dismissed.
From this judgment Southern Pacific Transportation Company perfected a sus-pensive appeal and plaintiffs answered the appeal praying for an increase in the judgment.
This suit arose out of a train derailment on May 16, 1969 in the town of Logans-port. Fourteen cars derailed, at least four of which were loaded with chemicals including propionaldehyde and isobutyl alcohol. Tanks carrying chemicals ruptured and spilled at least 566 gallons of propion-aldehyde and 3000 gallons of isobutyl alcohol. No fire or explosion occurred and damages resulting from the derailment were stipulated by the parties to be caused by the negligence of Southern Pacific Transportation Company. The only issues before this court are quantum of damages.
A breakdown of the trial court’s awards for damages is as follows:
$3,600.00 3 large pin oak trees
450.00 1 small pin oak tree
400.00 4 crepe myrtles
225.00 3 plum trees
100.00 annuals and perennials
400.00 new soil and sod
312.96 steps and sidewalk
42.92 swing set
12.95 bird bath
5.00 bird house
3,000.00 distress and inconvenience of Mrs. Lewis
3,000.00 distress and Inconvenience of Mr. Lewis
The three large pin oak trees measured 20, 17 and 24 inches in diameter. Calvin Eugene Morrison, a horticulturist and tree surgeon, testified it would cost from $2,000.00 to $2,400.00 each to replace these trees. Morrison also testified the largest tree he knew of that had been successfully planted was a 15 inch tree in Shreveport. These trees had some esthetic value to plaintiffs as Mr. Lewis had planted them 31 years prior to the derailment.
The trial judge has much discretion in the assessment of damages in tort suits, and while the amount awarded for these three trees is somewhat less than the replacement value, we cannot say the trial judge abused his discretion in awarding $1,200 per tree. We feel similarly about the awards for the smaller pin oak, four crepe myrtles, three plum trees, annuals and perennials, and new soil and sod. The trial judge awarded the amounts testified to by the expert. There is no abuse of discretion in these awards.
Van Foshee testified the steps and sidewalk could be repaired or replaced for $312.96. J. D. Jimmerson, employed by the railroad to investigate damages to the Lewis property said he thought the steps could be’repaired for $130. Although Jim-merson is a builder, he was not bound by this estimate in any way, and we hold the trial judge did not abuse his discretion in awarding $312.96 for steps and sidewalk.
Likewise, there is no abuse of discretion in the awards for the swing set, bird bath and bird house. The trial judge awarded the amounts testified to by Mrs. Billie Frank Lewis Dick, who priced these items.
Mr. Lewis did not testify due to a disability unconnected with the derailment. Mrs. Lewis, as noted earlier, is deceased. The only evidence to support an award for distress and inconvenience to Mr. and Mrs. Lewis is the testimony of Mrs. Billie Frank Lewis Dick. Mary Alice Lewis Foreman testified that her testimony would be the same as Mrs. Dick’s. Mrs. Dick testified that her father became upset after the derailment and that his condition continued to deteriorate since the accident. *240 She testified that her mother became extremely nervous and anxious after the derailment. No physician or psychiatrist testified. In spite of the trial judge’s much discretion, we are constrained to hold that the awards of $3,000 for distress and inconvenience is an abuse of discretion. We believe $1,000 each would adequately compensate for any distress or inconvenience suffered.
In paragraph two (2) of the judgment the trial court awarded judgment in favor of William Washington Lewis in the proportions of oné-half (i/£) and to the remaining plaintiffs in proportions of one-fifth (i/s) each. This is obviously a mathematical error. The award should be one-fifth (y$) of the remaining one-half (1/2) to each of the other plaintiffs, and we correct this error in this judgment.
For the reasons stated, it is ordered, adjudged and decreed that there be judgment: (1) in favor of plaintiffs Billie Frank Lewis Dick, Mary Alice Lewis Foreman, Hazel Lucille Lewis Weaver, Bessie Mae Lewis Hoard and Clara Belle Lewis Jahn, in the proportions of one-fifth (1/5) therein to each of this award, and against defendant Southern Pacific Transportation Company, in the full sum of One Thousand and no/100 ($1,000) Dollars, together with legal interest at the rate of five (5%) per cent per annum thereon from date of judicial demand until paid; (2) in favor of plaintiffs William Washington Lewis, Billie Frank Lewis Dick, Mary Alice Lewis Foreman, Hazel Lucille Lewis Weaver, Bessie Mae Lewis Hoard and Clara Belle Lewis Jahn, in the proportions of one-half (1/2) to William Washington Lewis and one-fifth (1/5) of the remaining one-half (1/2) therein to each of the other plaintiffs of this award, and against defendant Southern Pacific Transportation Company in the full sum of Six Thousand Five Hundred Forty-Eight and <%>o ($6,548.83) Dollars, together with legal interest at the rate of five (5%) per cent per annum thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed that all usufructuary rights of plaintiff, William Washington Lewis, in and to all awards made under paragraph two (2) of this award be and they are hereby recognized.
It is further ordered, adjudged and decreed that all costs of the proceedings in the lower court be paid by defendant, Southern Pacific Transportation Company.
It is further ordered, adjudged and decreed that there be judgment herein in favor of defendants, Southern Pacific Company and Southern Pacific Transportation Company of Louisiana, and against the plaintiffs, William Washington Lewis, Billie Frank Lewis Dick, Mary Alice Lewis Foreman, Hazel Lucille Lewis Weaver, Bessie Mae Lewis Hoard, and Clara Belle Lewis Jahn, dismissing this action at plaintiffs’ cost.
Cost of this appeal is to be borne by appellant, Southern Pacific Transportation Company.