TUCKER, Judge.
The plaintiff, Jerry Lee Brady, brought this action to recover the value of sand and gravel and overburden removed from his property by the defendants, Rapides Gravel Company, Inc. and Red Stick Gravel Company, without his permission. The evidence is undisputed that 2.9 acres of an original tract of 5.56 acres owned by the plaintiff were appropriated by the defendant in its dredging operation for production of sand and gravel. The trial court rendered and signed a judgment for the plaintiff on October 19, 1972 against the defendant, Rapides Sand & Gravel Co., Inc., in the sum of $4,050.00 with legal interest from judicial demand until paid.
From this judgment plaintiff has appealed devolutively and the defendant has done so suspensively.
There is only one issue with which this court is confronted, and that is the question of quantum awarded by the trial court for the value of the sand and gravel taken.
Counsel for the defendant assiduously argues that the trial court erred in basing its judgment on the generous estimate of the volume of sand and gravel extracted or mined from the subject 2.9 acre tract presented in the testimony of Curtis Harper, an employee of the defendant, and H. H. Holloway, Jr., an officer thereof; apparently, Mr. Harper, in company with the plaintiff, took certain core samples from the appropriated tract, reduced then to an adjunct of a 15 to 20 acre lake created by defendant’s dredging operations, and these two witnesses, while contending that the volume of sand and gravel mined from a tract of land would not exceed generally twelve (12%) per cent to eighteen (18%) per cent of the total aggregate volume removed, since they were chagrined and embarrassed for having innocently appropriated the land belonging to plaintiff without his consent, it was decided that an arbitrary figure of thirty (30%) per cent be used as properly representative of the ratio of sand and gravel compared with the aggregate volume extracted.
On this basis and apparently in advance of litigation Messrs. Harper and Holloway concluded that approximately 30,000 cubic yards of gravel and 15,000 cubic yards of sand were taken and appropriated from plaintiff’s property. After the suit was filed, including certain additional demands of no moment in the disposition here, at trial the evidence showed that the market value of gravel was 8 to 10 cents per cubic yard and sand was worth 5 to 7 cents per cubic yard when the taking occurred. The trial court decided that the optimum figure should be used in fixing the value, since the material was taken without the permission of the owner. The good faith of the defendant in trespassing on and appropriating the Brady property was not questioned. Multiplying the maximum value of 10^5 per cubic yard by the estimated 30,000 cubic yards of gravel taken and 7‡ per cubic yard by the estimated 15,000 cubic yards of sand taken produced a total figure of $4,050.00, which sum was awarded to the plaintiff.
The defendant maintains the trial court fell into substantial error in failing to consider or to give greater credence to that portion of the Harper and Holloway testimony which established that only 4480 yards of gravel per acre was recovered from a tract owned by Herbert S. Verbois which lay approximately 1100 feet from the subject property. A record of the Ver- *834 bois volume undisputedly was kept by the defendant. If the Verbois recovery figure had been used, Mr. Holloway testified roughly 15,000 cubic yards of gravel instead of his and Mr. Harper’s original estimate of 30,000 cubic yards of gravel would have correctly reflected the gravel volume taken from the Brady property.
Projecting the recovery figure of material from the Verbois tract to the Brady tract, counsel reasons that in actuality the 2.9 acre tract produced only 13,015 cubic yards of gravel, which, at the going rate of 10^ per cubic yard, entitled the plaintiff to recover only the sum of $1301.50; and estimating the sand recovered at one-half of the gravel volume, reflects a figure of 6508 cubic yards of sand taken which multiplied by highest market figure of 7‡ per cubic yard results in the sum of $455.56 as the proper worth of the sand taken from Brady. Defendant, therefore, contends that the Verbois formula represented the proper and correct means by which the relative true value of the material taken from the plaintiff should have been determined by the trial court rather than the less accurate method represented by the testimony of Harper and Holloway, based on core samplings from the subject property. It is urged also that the offer of settlement, made on the inaccurate basis, represented an overly generous one on the part of the defendant at a time when there had not been an adequate opportunity to definitely determine the amount due the plaintiff.
As did the trial judge in his reasons for judgment, we cite with approval the rule of law set forth in General Accident Fire and Life Assurance Corporation, Ltd. v. Humble Oil and Refining Co., La. App., 243 So.2d 865, holding in substance that a trespasser who is in good faith is responsible only for the actual value of the property converted to his own use. The record clearly shows the dredging and appropriation by the defendant of plaintiff’s 2.9 acre tract was innocently and unintentionally done, and the measure of damages is limited to the raw material extracted from the tract.
We do not agree with appellant’s position that the judgment of the lower court is unsupported by the record, in that the trial court chose to accept the inaccurate original estimate found by Harper and Holloway to represent a volume of 30,000 cubic feet of gravel and 15,000 cubic feet of sand taken from Brady, when there was of record an alternative computation which accurately reflected about one-half as much volume of gravel and sand extracted from the Verbois property 1100 feet removed from the subject property, but allegedly of the same general character sand and gravel wise. The testimony of Mr. Harper denotes that the Brady and Verbois properties were comparable, but there was hard land beneath the Verbois property which could not be penetrated, and the dredging operation would descend only to this strata. Tr. 106.
While the trial court acknowledges the difficulty of accurately determining the total volume of gravel and sand removed, since no records were kept by the defendant on the theory it was mining its own property, this court is convinced that the judge a quo was justified in using the initial computation of the sand and gravel extracted by the defendant from plaintiff’s property, and was not constrained to use a computation or estimate based on the volume of sand and gravel removed from a tract 1100 feet distant from the subject tract.
Mention is made by counsel of plaintiff’s failure to offer evidence on his own account to reflect the value of his loss. We are not in a position to determine why the defendant set about opening the question of value, but the proof on this score is an integral part of the record, though stemming from the defense witnesses.
We are unable to discern any manifest error in the trial court’s finding of facts and in our opinion its judgment is correct.
*835 For the foregoing reasons the judgment is affirmed at the cost of the defendant-appellant.
Affirmed.