294 So.2d 841 (1974)
L. G. CAMPBELL, Plaintiff-Appellee,
v.
Ray GRAY et al., Defendants-Appellants.
No. 12238.
Court of Appeal of Louisiana, Second Circuit.
February 12, 1974.
Rehearing Denied March 19, 1974.
Wilkinson, Carmody & Peatross, by John M. Madison, Jr., Shreveport, for defendant-appellant, Ray Gray.
Nelson, Ltd., by Harry R. Nelson, Shreveport, for defendant-appellant, Demopulos & Ferguson, Inc.
Campbell & Campbell, by L. G. Campbell, Bossier City, for plaintiff-appellee.
Before BOLIN, PRICE and WILLIAMS, JJ.
En Banc. Rehearing Denied March 19, 1974.
BOLIN, Judge.
From a judgment in favor of L. G. Campbell against Ray Gray and Demopulos & Ferguson, Inc., in solido, for $2,000 for a willful trespass committed by defendants on plaintiff's land, defendants appeal. We affirm the ruling of the lower court.
Plaintiff's residence faces west and is located on a corner plot of land in Benton, Bossier Parish, Louisiana. It is bounded on the west by Louisiana Highway No. 3 and on the north by the old Bellevue Road. The Town of Benton entered into a written contract with Ray Gray to extend a six-inch sewer line in order to serve the new Bossier Parish Courthouse being constructed south of plaintiff's property. Gray bid on and was awarded the contract by the Town of Benton to perform the work in accordance with plans drawn by Demopulos & Ferguson, Inc., consulting engineers. Gray subsequently "farmed out" the work to R. L. Pierson d/b/a P & S Construction Company.
In preparation for doing the construction work Pierson was furnished a plat by Demopulos & Ferguson depicting the location of the sewer line which was to run west along the south right-of-way of the old Bellevue Road, adjacent to plaintiff's property on the north; thence turn south across the entire front lawn of plaintiff's property approximately 20 feet from the right-of-way of Highway 3. Pierson's agents and employees dug a deep ditch and laid the line west along the south right-of-way *842 of the old Bellevue Road, thence continued south across plaintiff's property, until the Mayor of Benton sent word for the work to be immediately discontinued. The construction across plaintiff's property was done without his knowledge or consent, without obtaining a right-of-way, and without any stakes or markers being placed thereon denoting the intended location of the line. Plaintiff did not learn of the digging of the ditch and laying of the pipeline across his property until late in the afternoon after the damage had been done.
While there is some conflict in the evidence, we agree with the findings of the trial judge that both Ray Gray, through his agents, and Demopulos & Ferguson were guilty of a willful trespass across plaintiff's land. Pierson was in bad faith because he admitted he dug the ditch and laid the pipe across plaintiff's yard knowing it was on private property and that this action was taken prior to the engineer laying out the line or placing any stakes thereon. Demopulos & Ferguson was in bad faith because its employee was on the site the day of the trespass, saw the pipe lying on the ground, knew or should have known Pierson intended to lay the pipe across plaintiff's property, knew no right-of-way had been obtained but did nothing to prevent the trespass taking place. We experience no difficulty in finding as a fact Gray and Demopulos & Ferguson were guilty of a willful trespass.
The lower court awarded plaintiff a total of $2,000, being $500 for actual damages and $1500 for "humiliation, mental anguish, and aggravations connected with this trespass."
Several witnesses testified as to the amount that would be required to restore the lawn to its original condition. These estimates ranged from $125 by defendants' witnesses to $2000 by plaintiff's witnesses. The lower court awarded $500 for this item and we find this amount is reasonable and the award is amply justified by the record.
In support of the award of $1500 the district judge in his written reasons cited the following cases: Loeblich v. Garnier (La.App. 1 Cir. 1959) 113 So.2d 95; Loe v. Whitman (La.App. 2d Cir. 1958) 107 So. 2d 536; and General Accident Fire & Assurance Corp. v. Humble Oil, etc. (La.App. 1 Cir. 1971), 243 So.2d 865.
As noted by the trial judge, the Loeblich case contains an excellent review of the jurisprudence relating to "exemplary damages". There the court said:
"The often found general statement that only compensatory and not punitive damages are awardable in Louisiana is in apparent conflict with the awards often made for damages for mental anguish and embarrassment caused by an illegal and deliberate violation of property rights or for such violation itself irrespective of any pecuniary damage caused thereby (which damages, according to the definition above cited, are regarded in other states as exemplary or punitive damages). The key to resolution of this conflict seems to be that in such circumstances such awards in Louisiana are regarded as compensatory for violations of a recognized property right, rather than punitory."
We agree with the trial judge that the trespass in this case was willful and committed by both defendants without a vestige of legal right or good faith. Since the trier of facts was in a much better position than this court to determine the extent and nature of the damages for humiliation, mental anguish and aggravation caused plaintiff by this willful trespass, we choose not to change the amount of his award.
Having found both Ray Gray and Demopulos & Ferguson equally at fault, Gray's third party demand against Demopulos & Ferguson was properly rejected.
The judgment of the lower court is affirmed at appellants' cost.