PRICE, Judge.
This is an appeal from the issuance of a preliminary injunction against R. J. M. Pipeliners, Inc., and Louisiana Gas Service Company, enjoining the relocation of a gas pipeline in connection with the widening of State Highway No. 4 in Jackson Parish by the Louisiana. Department of Highways. This appeal questions the validity of the trial court’s judgment, alleging it enjoins the defendant from operations on property belonging to the State of Louisiana without any showing of irreparable harm to the plaintiff.
On April 4, 1974, plaintiff, E. J. Dickerson, filed suit against R. J. M. Pipeliners, Inc., Louisiana Gas Service Company, and the State of Louisiana, through the Department of Highways. Dickerson alleges he is the owner of certain property in Jackson Parish that defendants are in the process of constructing a pipeline across without his consent; that he has suffered damages and is entitled to temporary restraining order, preliminary injunction and permanent injunction. A temporary restraining order was issued and defendants were ordered to show cause on April 19th *264 why a preliminary injunction should not issue restraining defendants from constructing a pipeline on plaintiff’s property.
At the time the rule to show was returnable an attorney for the Department of Highways appeared on behalf of all defendants and informed the trial court an expropriation order had been signed by the court two days prior to the hearing vesting title under the quick taking statute in the Department of Highways to the portion of plaintiff’s property on which the pipeline was being relocated. Although defendants contended the matter had become moot, the trial court heard evidence and issued a preliminary injunction against R. J. M. Pipe-liners, Inc., and Louisiana Gas Service Company. All defendants have perfected the suspensive appeal granted by the trial court.
The evidence presented on the trial of the rule shows the highway widening project adjacent to plaintiff’s property necessitated the relocation of a gas pipeline belonging to Louisiana Gas Service Company. Pursuant to a contract with the Department of Highways for reimbursement for a portion of the costs of relocation, Louisiana Gas contracted with R. J. M. Pipeliners, Inc., to perform the actual work of laying the new gas line in the area designated for utilities on the Louisiana Department of Highways plans and specifications for the project. The evidence shows representatives of the Highway Department had discussed the acquisition of the necessary right-of-way with plaintiff prior to the beginning of work by R. J. M. Pipe-liners. However, no agreement had been reached by the date of April 2, 1974, when R. J. M. Pipeliners entered upon plaintiff’s property and began laying the gas pipeline. The expropriation order taking the subject property by the State was signed and filed on April 17, 1974.
The primary issue on this appeal is whether the preliminary injunction issued against Louisiana Gas Service Company and R. J. M. Pipeliners should stand in view of the acquisition of title to the property by the Department of Highways prior to the issuance of the injunction.
We are of the opinion the injunction was improperly issued under the circumstances shown to exist at the time of the hearing on April 19th. Although R. J. M. Pipeliners and Louisiana Gas Service Company’s entry on plaintiff’s property may have been unlawful at its inception, their activities thereon as of April 17, 1974 (the date of expropriation) were then lawful under the contractual relationship with the Louisiana Department of Highways, the owner of the property.
LSA-R.S. 48:445 vests title into the Department of Highways immediately upon the deposit with the court the sum of estimated just compensation for property being expropriated, Section 448 of this title allows the Department of Highways to immediately enter upon the property. The Department may be divested of title only by a showing the property taken is not for a public purpose. However, should this occur, the statute provides for monetary reimbursement for damages occasioned to the original owner for any loss sustained while the Department of Highways is in possession. R.S. 48:460.
Therefore, any damages this plaintiff may ultimately sustain by reason of an un lawful entry prior to the taking by expropriation, or resulting from loss of use of his property, should he successfully oppose the proceeding by showing the taking is not for a public purpose, may be adequately compensated by a monetary award.
An injunction should only issue under circumstances where the applicant has shown irreparable injury, loss or damage may result from the activity sought to be enjoined. La. Code of Civil Procedure, Article 3601.
Irreparable injury or loss has been interpreted to mean such damage as cannot be measured by a pecuniary standard. *265 Danzie v. Rutland, 232 So.2d 303 (2d Cir. 1970).
In its appeal the Department of Highways requested it he allowed damages and reasonable attorney’s fees for the wrongful issuance of the injunction as provided for in the La. C.C.P. article 3608. Under the circumstances presented, we do not find the Department is entitled to this relief. This litigation was precipitated by the premature entry on plaintiff’s property by the remaining defendants with the Department of Highways’ knowledge and apparent approval. To penalize the landowner from taking legal action to protect his property rights which were apparently being violated, would be inequitable.
We therefore reject the demands of the Department of Highways for damages.
For the foregoing reasons the judgment appealed from is reversed and plaintiff’s demands for a preliminary injunction is dismissed. This cause is remanded to the trial court for further proceedings in accordance with law and consistent with the opinion of this court.
Costs of this appeal are to be paid by ap-pellee.