331 So.2d 501 (1976)
E. J. DICKERSON, Plaintiff-Appellee,
v.
R. J. M. PIPELINERS, INC., et al., Defendants-Appellants.
No. 12885.
Court of Appeal of Louisiana, Second Circuit.
April 19, 1976.
*502 Norman L. Sisson, William W. Irwin, Jr., Jerry F. Davis, Charles A. O'Brien, III, Johnie E. Branch, Jr., Baton Rouge, for defendant-appellant State of La., Dept. of Highways.
Theus, Grisham, Davis & Leigh by J. Michael Hart, Monroe, for defendants-appellants R. J. M. Pipeliners, Inc. and La. Gas Service Co.
Baker, Culpepper & Brunson by Herman A. Castete, Jonesboro, for plaintiff-appellee.
Before BOLIN, PRICE and SMITH, JJ.
PRICE, Judge.
This is an appeal from a judgment awarding plaintiff, E. J. Dickerson, damages for an alleged trespass upon his property against the State of Louisiana, Department of Highways, Louisiana Gas Service Company, and R. J. M. Pipeliners, Inc.
Plaintiff filed suit on April 4, 1974, seeking a temporary restraining order, injunction, and damages against the foregoing defendants, alleging they had trespassed upon his property abutting Louisiana Highway 4 by excavating a trench across the front portion without any legal right or authority to do so.
The operative facts giving rise to this litigation are set forth in our previous opinion reported at 303 So.2d 262 (La.App. 2nd Cir. 1974) in which we reviewed the trial court's issuance of a preliminary injunction.
We quote from that opinion in pertinent part as follows:
The evidence presented on the trial of the rule shows the highway widening project adjacent to plaintiff's property necessitated the relocation of a gas pipeline belonging to Louisiana Gas Service Company. Pursuant to a contract with the Department of Highways for reimbursement for a portion of the costs of relocation, Louisiana Gas contracted with R. J. M. Pipeliners, Inc., to perform the actual work of laying the new gas line in the area designated for utilities on the Louisiana Department of Highways plans and specifications for the project. The evidence shows representatives of the Highway Department had discussed the acquisition of the necessary right-of-way with plaintiff prior to the beginning of work by R. J. M. Pipeliners. However, no agreement had been reached by the date of April 2, 1974, when R. J. M. Pipeliners entered upon plaintiff's property and began laying the gas pipeline. The *503 expropriation order taking the subject property by the State was signed and filed on April 17, 1974.
* * * * * *
We are of the opinion the injunction was improperly issued under the circumstances shown to exist at the time of the hearing on April 19th. Although R.J.M. Pipeliners and Louisiana Gas Service Company's entry on plaintiff's property may have been unlawful at its inception, their activities thereon as of April 17, 1974 (the date of expropriation) were then lawful under the contractual relationship with the Louisiana Department of Highways, the owner of the property.
Pursuant to a trial of the merits on plaintiff's demands for damages, the trial court awarded him the sum of $500 for damage to his property and $2,500 for humiliation, mental anguish, and embarrassment caused by the illegal violation of his property rights. Judgment was rendered against all defendants in solido for the amount of plaintiff's damages and further judgment was rendered in favor of Louisiana Gas Service Company and R. J. M. Pipeliners, Inc. under their third party action against the State of Louisiana Department of Highways, for any amount they are required to pay to the plaintiff, Dickerson.
By this appeal, defendants have presented for our review two principal issues:
1) Whether a trespass had occurred in view of the provisions of the written agreement under which Louisiana Gas Service Company enjoyed a servitude across all of plaintiff's property for the purpose of maintaining one or more gas transmission lines.
2) The correctness of the amount of the trial court's award of damages in the event it is found a trespass did occur.
The following facts were stipulated on trial of the merits:
1) The existence of the contract between the Department of Highways and Louisiana Gas Service Company and its subcontractor, R.J.M. Pipeliners, Inc., for relocation of the subject gas pipeline.
2) That as between defendants, it was the responsibility of the Department of Highways to secure rights of way for relocation of line and that prior to commencement of work by R.J.M., it was informed the necessary right of way had been procured from plaintiff.
3) That the excavating of the ditch across plaintiff's property began prior to the filing of the formal expropriation proceeding by the Department of Highways.
In support of their position that the entry of R.J.M. onto plaintiff's property to relocate the pipeline was lawful, defendants submit that a right-of-way permit granted by plaintiff to Louisiana Power and Light Company on March 18, 1955, established a servitude on plaintiff's property for the maintenance of a gas transmission line. This right was subsequently assigned to Louisiana Gas Service Company. It is further contended that by the terms of this agreement, the right is specifically granted to lay additional lines.
The trial judge concluded that the right to lay additional lines had prescribed as more than ten years had elapsed since the creation of the right without any use having been made thereof. The court relied on the decision of Columbia Gulf Transmission Company v. Fontenot, 187 So.2d 455 (La.App. 3rd Cir. 1966). The opinion of the appellate court in Columbia Gulf in resolving an issue analogous to that presented in the instant case squarely held the failure to construct any additional lines during a ten-year period constituted a use *504 less extensive than that initially granted in accord with Articles 796 and 798 of the Civil Code and thus this right was lost by prescription.
Defendants rely on the Supreme Court case of Hanks v. Gulf States Utilities Company, 253 La. 946, 221 So.2d 249 (La.1969), decided subsequent to Columbia Gulf, in support of their position that the use of a part of the rights granted under the servitude have preserved it as a whole to the entire tract affected.
The Hanks case is inapposite to the instant situation. It dealt with an assessory right to the use of a servitude to transmit electric power. The court distinguished such a right from a "mode of use" as provided in Article 796 as discussed by the court in the Columbia Gulf case.
We are of the opinion the trial court was correct in applying the principles set forth in Columbia Gulf and rejecting defendants' contention that Louisiana Gas Service Company was operating within the rights accorded it under the conventional servitude agreement.
Defendants also contend the entry upon plaintiff's property was with his knowledge and verbal permission and thus it should not be construed as a trespass even though no legal right-of-way had been obtained at the time.
This argument is predicated on the alleged conversation that the Department of Highways' project engineer, Herbert Rasberry, had with plaintiff a short time prior to the date entry was made upon plaintiff's property. From the testimony in the record of plaintiff and Rasberry, it is apparent the thrust of their conversation was aimed at whether the Department of Highways would relocate the pipeline in their proposed new right-of-way so that it would not damage several pecan trees belonging to plaintiff. We do not find defendants have sustained the burden of proving plaintiff gave his verbal permission for the relocation work on the pipeline to begin in advance of the Department of Highways' acquiring additional right-of-way from him by purchase or expropriation.
We find no error in the trial judge's conclusion that a trespass occurred by the illegal entry upon plaintiff's property.
Defendants contend the damages awarded plaintiff are excessive under the circumstances presented. The trial court awarded plaintiff $500 for damage to the property primarily on the estimate of costs of resodding at a cost of $.60 per square foot. As the damaged area of plaintiff's property was expropriated within two weeks of the time when the damage occurred and payment for the property was made to him in that proceeding, we do not find this to be an appropriate basis for calculating damages. Nor do we consider the evidence presented by the Department of Highways' expert of an estimated fair rental value for this period of time to be an adequate amount. Considering the minimal period of time plaintiff continued to own the damaged area, we conclude $150 would be an appropriate award for damage to his property.
Defendants contend there should be no amount awarded for humiliation, mental anguish, and embarrassment as these items are in the nature of exemplary damages and are not proper when the trespasser is in good faith.
In Loeblich v. Garnier, 113 So.2d 95 (La. App. 1st Cir. 1959), cited with approval by this court in Campbell v. Gray, et al, 294 So.2d 841 (La.App. 2nd Cir. 1974), the First Circuit Court of Appeal discussed damages resulting from a trespass on property as follows:
"The often found general statement that only compensatory and not punitive damages are awardable in Louisiana is in apparent conflict with the awards often *505 made for damages for mental anguish and embarrassment caused by an illegal and deliberate violation of property rights or for such violation itself irrespective of any pecuniary damage caused thereby (which damages, according to the definition above cited, are regarded in other states as exemplary or punitive damages). The key to resolution of this conflict seems to be that in such circumstances such awards in Louisiana are regarded as compensatory for violations of a recognized property right, rather than punitory."
We find the actions of defendants herein were at least a "deliberate illegal violation" of plaintiff's property rights and should entitle him to an award for mental anguish. The evidence presented by plaintiff does not suggest he suffered any undue amount of anxiety over this event and that his damages should not be in excess of that allowed by this court in Campbell v. Gray, supra. There we approved the sum of $1,500 for mental anguish and embarrassment for a trespass similar to the instant case.
Defendants also contend the fee awarded by the trial court of plaintiff's expert witness, H. L. Bass, in the sum of $300 for preparation and appearance at trial is excessive and should be reduced or disallowed.
As there is no evidence in the record to show any specific time spent on preparation of his opinion, and in view of the minimal amount in controversy, we find the amount awarded for his fee is excessive and order it reduced to the total sum of $150.
Accordingly, the judgment appealed from is amended to reduce the award to plaintiff for damages to the total sum of $1,650 and the fee of H. L. Bass as an expert witness is reduced to the sum of $150. As amended the judgment appealed from is affirmed at appellants' cost.