357 So.2d 1239 (1978)
W. R. ADAMS, and Lilly Adams, Plaintiffs-Appellees,
v.
STATE of Louisiana, Through DEPT. OF HIGHWAYS, Defendant-Appellant.
No. 13502.
Court of Appeal of Louisiana, Second Circuit.
March 27, 1978.
Rehearing Denied May 10, 1978.
*1241 Marshall W. Wroten, Robert J. Jones, David K. Balfour, Charles A. O'Brien, III by Charles A. O'Brien, III, Baton Rouge, for defendant-appellant.
C. Calvin Adams, Jr., Tallulah, for plaintiffs-appellees.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied May 10, 1978.
MARVIN, Judge.
Near, or arguably on, the right of way of a state highway traversing the front of plaintiffs' residential property, there grew a landmark pecan tree distinctively shaped by the ravages of time and lightning and called by plaintiffs, their relatives and friends, the Statue-of-Liberty tree.
This case arose when the State cut down the tree. Judgment below included an award for damages for mental anguish to plaintiffs. The State appeals, contending among other things, that damages for mental anguish are not legally recoverable in these circumstances and generally that the judgment was excessive. We amend and affirm.
The record supports the lower court's finding that the tree was not on the right of way acquired by the State by virtue of a long-term use and maintenance. R.S. 48:220.1, 491.[1] Even assuming that the tree overhung the right of way does not avail the State. R.S. 48:220.1 confers only a servitude and not ownership. A public body may not destroy private property overhanging a public right of way without observing legal process unless the property constitutes a public nuisance or poses imminent danger to users of the right of way. Oglesby v. Town of Winnfield, 27 So.2d 137 (La.App.2d Cir. 1946); Tissot v. Great Southern Telephone & Telegraph Co., 39 La.Ann. 996, 3 So. 261 (1887). See also annotation at 64 ALR 2d 870. There is no evidence that the Statue-of-Liberty tree was a public nuisance or that it posed imminent danger to the highway users.

DAMAGES
The tree grew from atop a private plantation levee paralleling the highway in front of plaintiffs' home. Lightning and decay toppled the crown of the tree and left remaining on one side of the broken trunk a large limb extending armlike above the trunk and on the other side a smaller limb extending downward. This condition existed for several years and the limbs perennially produced new foliage and pecans. An ice storm, which occurred before the cutting and which caused breakage of other trees that threatened use of the right of way, caused no damage to plaintiffs' tree and no threat to the right of way. Plaintiffs' tree, 48" in diameter, while found to have been 70 percent decayed or damaged, was yet a live and growing tree.
In McBride v. Duckworth, 232 So.2d 122 (La.App.2d Cir. 1969), we affirmed an award of $1,000 for an 18" diameter oak on the rear of the plaintiffs' lot. See also Lewis v. Southern Pacific Transportation Company, 266 So.2d 238 (La.App.2d Cir. 1972). There, $1,200 was awarded for each of three oak trees ranging from 17" to 24" in diameter. Here, the lower court awarded $700 for the value of the tree. One of plaintiffs' experts testified that the tree *1242 had a value in excess of $3,200. We find no abuse of discretion by the lower court in this award.
Damages may be allowed in Louisiana for mental anguish arising out of trespass by public bodies. Tissot, supra.
"This type of damages ... is regarded... as compensatory damages to which the landowner is entitled for the violation of a recognized property right through the trespass. [citations omitted] . . .
"This type of damages is properly awarded the landowner for wrongful trespasses by municipalities ... `[O]f course, the unlawfulness of the action * * * must be clearly established, and ... of such character and of such magnitude as would reasonably be calculated to cause the owner, mental distress, pain and discomfort.'"
Belgarde v. City of Natchitoches, 156 So.2d 132 (La.App. 3rd Cir. 1963).
See also Dickerson v. R.J.M. Pipeliners, Inc., 331 So.2d 501 (La.App.2d Cir. 1976).
The State argues, however, that damages for mental anguish are not to be allowed, even as "exemplary damages," unless the trespass "was aggravated by circumstances of violence, oppression, malice, or fraud [akin to moral bad faith] . . .," citing General Accident Fire & Life Assurance Corp. v. Humble Oil & Refining Co., 243 So.2d 865 (La.App. 1st Cir. 1971).
The State misconstrues the cases interpreting the issue of damages for mental anguish arising out of trespass. It is in those cases where the trespass is aggravated by circumstances of gross recklessness and deliberate disregard of the victim's right that it is said that mental anguish is reasonably calculated or expected to result to the victim. See Turner v. Southern Excavation, Inc., 322 So.2d 326 (La.App.2d Cir. 1975). In other cases, where the trespass is not aggravated by such circumstances, the burden of proving actual mental anguish damages, of course, is much greater because of the absence of reasonably expected mental anguish. But where the burden is met and actual damages are provedeven though not reasonably expectedthe victim should be allowed the damages.
The state of mind or moral culpability of the trespasser affects the burden imposed on the trespass victim claiming mental anguish and not the victim's right to claim the damages.
As in Dickerson, supra, there was only a legally wrongful, and not a morally wrongful, trespass here. There was no malice in the destruction of the tree, but only an error of judgment that the tree was on the State's right of way. The lower court nonetheless found that each plaintiff sustained actual mental anguish damage over the sudden loss of the tree.
The lower court noted "particular" mental anguish to the plaintiff wife who had attached significance to the Statue-of-Liberty tree because she was not a native-born American. She cried the remainder of the day after the tree was cut in the morning. The plaintiff husband's initial reaction to the loss was a brief vocal outburst of anger and despair. The record supports the lower court's finding that both plaintiffs sustained some mental anguish because of the destruction of their landmark tree.
In Lewis, supra, we affirmed an award of $1,000 each to a husband and wife for their distress from the wrongful destruction of their healthy oak trees. In Turner, supra, we affirmed an award of $3,500 for mental anguish from a trespass, the circumstances of which were much aggravated, noting similar awards in other cases. Here, the lower court awarded the husband $1,500 and the wife $2,000 for their mental anguish.
The eventual loss of the tree, however, was expected by plaintiffs because of the tree's age and condition. Under these circumstances and because the trespass was not aggravated in the sense discussed, we deem the lower court's awards for mental anguish to be above the upper range of discretion afforded the lower court. Coco v. Winston Industries, Inc., 341 So.2d 332 *1243 (La.1976). The award to the plaintiff wife is amended to $500, and the award to the plaintiff husband is amended to $250, and as amended, judgment is affirmed.
The State is cast with costs to the extent permissible under R.S. 13:4521.
PRICE, Judge, dissents with written reasons.
I must dissent from the opinion of the majority in approving a total award of damages of $1,450 against the Department of Highways for removal of a decayed tree whose only remaining live limb was overhanging in the highway right-of-way and possibly constituted a hazard to motorists. The decayed state of the tree is best depicted by a photograph submitted in evidence which is reproduced as follows:

Under these circumstances, the award of $700 for the value of the tree and $750 for mental anguish to plaintiffs is erroneous.
NOTES
[1] R.S. 48:220.1 reads in part:

"Whenever the department of highways .. takes over an existing road from a parish... the department shall acquire all of the rights which the ceding agency possessed... in those instances where the department has constructed a highway without a recorded conveyance or dedication by the landowner, the width of the right of way servitude for the said highway shall include the roadway, shoulder, roadside ditch and an area extending one and one-half feet beyond the rear or outside slope of the roadside ditch. Nothing herein shall affect title to any buildings or fences, nor require their removal without payment of just compensation therefor, nor shall anything herein affect title to the soil beneath the highway right of way nor to any minerals thereunder. The existence of the highway for a period in excess of three years shall vest title to the right of way servitude in the Department of Highways."