WATKINS, Judge.
This is an action originally brought against eight separate defendants by Dale Gaudet as administrator and/or natural tutor on behalf of his minor child, Glenn Gaudet, for personal injury to Glenn Gau-det which allegedly rendered Glenn a qua-draplegic. In the present aspect of the case, American Concrete Company, a division of Union Metal Manufacturing Company, moved for summary judgment, which was granted.[1] We affirm.
Summary judgment was sought on the bases of the pleadings and of the depositions of Lieutenant James R. Rushing, Donald Dale Gaudet, Patricia A. Gaudet, and Mark East. The record before us was made up on a designation of documents prepared by counsel for appellant, Dale Gaudet. See LSA-C.C.P. art. 2128.
The pleadings in the record do not support the granting of summary judgment in our opinion. However, the depositions mentioned above were not included in the list of documents designated to constitute the record. Judgments of the trial court are presumed correct and items of evidence missing from the record are pre: sumed to support the trial court’s judgment. United Pentecostal Church v. Interstate Surplus Underwriters, Underwriters at Lloyd, 368 So.2d 1104 (La.App. 2d Cir.1979), writ denied 371 So.2d 621 (1979). The trial court’s oral reasons for judgment are not in the designated record. Hence, although the pleadings fail to support the granting of summary judgment, it must be presumed that the granting of summary judgment was supported by the depositions omitted from the record but mentioned in American Concrete’s motion for summary judgment. If the depositions had not been omitted from the designation of the record, a remand would be in order, but as the record was designated, we must assume the omitted depositions would not support appellant’s position.
Accordingly, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.
PONDER, J., dissents and assigns reasons.
CARTER, J., concurs and assigns reasons.

. In an earlier unreported decision in the present case, this court affirmed the sustaining of an exception of no cause of action filed by Dixie Electric Membership Corporation, a co-defendant, in proceedings to which American Concrete was not directly a party. (Gaudet v. G.D.C., Inc., No. 14,454, La.App. 1st Cir., December 22, 1981.)