WATKINS, Judge.
This is a tort action brought by Dale Gaudet in his own behalf and on behalf of his minor son, Glenn Gaudet, for personal injuries allegedly sustained by Glenn Gau-det when the car he was driving struck a light standard on the side of Toulon Drive in East Baton Rouge Parish. Among several defendants named were Dixie Electric Membership Corporation, the installer and owner of the light standard, and American Concrete Company, the manufacturer of the light standard. Dixie Electric moved for summary judgment, the granting of which was affirmed by us in an unreported decision rendered December 22, 1981, and which is now final.
American Concrete likewise moved for summary judgment which the trial court granted. From this judgment, plaintiff perfected the present appeal. In earlier action on this appeal we affirmed but noted that the record made up for our review was designated, 451 So.2d 158. Our decision was reviewed by the Louisiana Supreme Court, 458 So.2d 109, which remanded the case to us with instructions that we obtain the complete record and review the case. After having throughly reviewed the record, we reverse the judgment of the trial court granting American Concrete summary judgment, and remand for further proceedings.
It is basically plaintiff’s contention that American Concrete manufactured a defective light standard, the defect causing the standard to crumble upon the automobile’s impact and crush the automobile, with the result that Glenn Gaudet sustained severe injuries rendering him a qua-draplegic and causing brain damage. American Concrete on the basis of pleadings and the depositions of certain persons, including the investigating police officer, moved for summary judgment, which, as stated, was granted by the trial court. We find ourselves unable to agree with the trial court.
As was stated in Weber v. Fidelity & Casualty Insurance Co. of New York, 259 La. 599, 250 So.2d 754 (1971), “a manufac *733 turer of a product which involves a risk of injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article, if the injury might reasonably have been anticipated.” 259 La. 602, 250 So.2d 755. See also Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980).
Thus, in the present case, if through a defect in design or manufacture the light standard would be likely to crumble upon slight impact, it would be improper to dismiss American Concrete as a party defendant. We cannot determine from the record, including depositions, whether the light standard was improperly designed or not, or whether it was defectively manufactured or not. Many crucial facts are unknown at the present stage of the proceedings. We cannot determine the speed of the automobile driven by Glenn Gaudet. Lt. James R. Rushing, the investigating officer, testified by deposition that he was told by the guest passenger in the automobile, Mark East, that the speed of the automobile was 40 m.p.h. when it went out of control. Mark East testified that he told Lt. Rushing that the speed of the automobile when it went out of control was 25-30 m.p.h. We do not know the speed of the automobile immediately before it struck the light standard. We cannot determine from the present record, the design and manufacturing standards of the industry with regard to tolerances of light standards upon impact, whether or not American Concrete’s design met those standards, and whether or not the light standard in question met design specifications. If a light standard would crumble upon being struck by a car traveling 70 m.p.h. it would probably not be defective. On the other hand, if it would collapse upon being struck by a power mower traveling 2 m.p.h., it would probably be defective. It is evident, therefore, that there are issues of material fact which remain unresolved, making summary judgment inappropriate. LSA-C.C.P. art. 966. It is clear that a trial on the merits is necessary to fill in the missing facts mentioned above, and to receive whatever additional factual evidence is needed to decide the matter properly.
Accordingly, the judgment of the trial court is reversed, and the case remanded for further proceedings, at appellee’s cost.
REVERSED AND REMANDED.